# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| **JOSEPHAT HENRY** resident of Harvey et. al. and other persons too numerous to mention, A CLASS ACTION, | |
| Plaintiffs, | 1999-CV-0036 |
| v. | |
| **ST. CROIX ALUMINA, L.L.C., ALCOA INC.,** and **GLENCORE, LTD.,** f/k/a **CLARENDON, LTD.,** | |
| Defendants. | |

TO: Lee J. Rohn, Esq.
      Gordon C. Rhea, Esq.
      Bernard C. Pattie, Esq.
      Derek M. Hodge, Esq.

### ORDER REGARDING PLAINTIFFS' MOTION FOR SANCTIONS TO BE AWARDED AGAINST DEFENDANTS FOR WILLFULLY DELAYING THE PRODUCTION OF CRUCIAL SCIENTIFIC EVIDENCE

THIS MATTER came before the Court for consideration upon Plaintiffs' Motion for Sanctions to be Awarded Against Defendants for Willfully Delaying the Production of Crucial Scientific Evidence (Docket No. 1040). Defendants St. Croix Alumina, L.L.C. (SCA), and Alcoa, Inc. (Alcoa), filed a joint Opposition, and Glencore, Ltd. (Glencore), filed an

*Henry v. St. Croix Alumina, L.L.C.*
1999-CV-0036
Order Regarding Plaintiffs' Motion for Sanctions
Page 2

Opposition thereto. Plaintiffs filed a separate Reply to each Opposition, and Defendants filed Sur-replies in response.

Plaintiffs submit a lengthy list of sanctions to the Court for approval. Plaintiffs move:

> 1) [t]hat the Assessment and supporting data be deemed admissions by all Defendants; 2) that the court exclude any part of a defense expert's opinion that relies, either directly or indirectly, on assumptions provided by counsel with regard to the pH levels and the chemical constituents and concentrations of the dust to which Plaintiffs' were exposed, to the extent those assumptions are contradicted by the admissions in the 1995 Site Assessment[]; 3) [t]hat Plaintiffs experts be permitted to incorporate the data and information in the 1995 Site Assessment into their opinions, and be permitted to amend and/or supplement their opinions accordingly without objection and without requiring or allowing them to be re-deposed; 4) that Defendants be ordered to pay the costs incurred by Plaintiffs for their experts to review and assess the withheld data and information in the 1995 Site Assessment to determine the extent to which it supports amending or supplementing their opinions, and to amend or supplement those opinions as they deem necessary to reflect the withheld information and data; 5) [t]hat Defendants' expert witnesses be prohibited from amending their opinions to incorporate the information withheld by their own clients; 6) that all Defendants be ordered to make a complete and thorough search for all documents responsive to all of Plaintiffs' discovery requests, and to produce all responsive documents, without regard to privilege which is waived at this late date; 7) [t]hat Defendants produce affidavits documenting all steps taken to locate and produce responsive documents, and that Plaintiffs are permitted to take the deposition of the person(s) responsible for the document production; and 8) [t]hat the jury be instructed that the 1995 Site Assessment was wrongfully withheld from the Plaintiffs in an effort to cover up the true toxicity of the red mud piles, and Defendants have been sanctioned for their conduct.

*Henry v. St. Croix Alumina, L.L.C.*
1999-CV-0036
Order Regarding Plaintiffs' Motion for Sanctions
Page 3

Plaintiffs' Memorandum of Law in Support at 21-22. At issue is whether a 1995 Site Assessment, conducted on the premises of the St. Croix alumina refinery, constitutes discoverable material, and whether Defendants' failure to produce said Assessment in a timely manner is sanctionable in accordance with the Federal Rules of Civil Procedure and per Plaintiffs' request.

Plaintiffs' claims arise out of the spreading of "red mud" particles into the air, and the alleged injuries that resulted, when Hurricane Georges made landfall in 1998. Plaintiffs argue that they are entitled to an award of sanctions against Defendants. Plaintiffs allege that "the [Site Assessment] was specifically requested in Plaintiffs' 1999, 2000, and 2001 discovery requests, [yet] Defendants and their counsel knowingly and willfully withheld the Assessment until . . . after the parties spent more than five (5) years deposing witnesses . . . , six [6] months after this Court ordered the end of expert discovery, and on the eve of trial." Motion for Sanctions at 3. Plaintiffs state said document's importance is "critical to the science driving this case," *id.*, and "defin[itive] [of the] environmental conditions at the site[]" when Hurricane Georges hit. *Id.* at 5 (citing Site Assessment at 3-14 to 3-15). Finally, Plaintiffs state "[t]here is no question that the failure to produce the Assessment was willful." Motion for Sanctions at 5.

*Henry v. St. Croix Alumina, L.L.C.*
1999-CV-0036
Order Regarding Plaintiffs' Motion for Sanctions
Page 4

Defendants challenge the validity of Plaintiffs' claims and deny the occurrence of any sanctionable wrongdoing.

Defendants SCA and Alcoa filed a joint response in opposition to Plaintiffs' Motion. SCA and Alcoa oppose said motion for four (4) reasons. First, said Defendants allege that "Plaintiffs' principal factual assertions are false[.]" Joint Opposition at 3. Second, "Plaintiffs' counsel have been aware of and have had access to the assessment for several years and chose not to pursue it[.]" *Id*. Specifically, Defendants allege that Plaintiffs were on notice that said Assessment probably existed as early as February 2000. *See id.* at 8. Defendants also allege that, on or about January 17, 2002, and February 2002, Plaintiffs were made explicitly aware of the fact that the Assessment existed and took no further steps to acquire it. *See id.* at 13-14. Defendants also state that "Plaintiffs' selective quotes and citations to allegedly 'crucial scientific evidence' in the assessment add nothing new to the record and have no bearing on this case in any event[.]" *Id*. at 4. Finally, Defendants allege simply that "no basis" exists for the "extraordinary relief sought." *Id*.

Glencore simply states that "Plaintiffs seek sanctions against Glencore for no reason," Glencore's Opposition at 2, and that "Plaintiffs' Motion against Glencore is . . . grossly inappropriate and wholly devoid of legal foundation . . . ." *Id*. Glencore moves that "it had nothing whatsoever to do with the Alcoa Assessment." *Id.* at 4. Furthermore,

Plaintiffs' Motion "discusses the '30(b)(6) Notice propounded to Alcoa' and the testimony of Alcoa's representative, as well as the . . . notice propounded to St. Croix Alumina . . . ." *Id.* at 5. However, "Plaintiffs do not argue or even imply that Glencore failed to produce documents responsive to a request for production . . . ." *Id.* In sum, "Plaintiffs thus have moved this Court for extremely severe sanctions against Glencore without even suggesting . . . that Glencore engaged in any conduct that . . . justifies an award of sanctions . . . ." *Id.* In opposition, Glencore seeks an award from the Court covering its costs for its efforts to oppose this motion. Whereas the Court agrees that Plaintiffs' Motion is, in effect, a Motion for Sanctions against SCA and Alcoa, the undersigned grants reasonable costs to Glencore.

**DISCUSSION**

In order to address Plaintiffs' Motion, the Court must first determine whether sanctionable conduct occurred.

Fed.R.Civ.P. 26(b)(1) limits the scope of discovery to which Plaintiffs are entitled. Said rule states:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

*Henry v. St. Croix Alumina, L.L.C.*
1999-CV-0036
Order Regarding Plaintiffs' Motion for Sanctions
Page 6

Fed.R.Civ.P. 26(b)(1). During the course of discovery, Plaintiffs propounded numerous interrogatories to SCA and Alcoa, and they responded in turn. The record indicates that SCA's and Alcoa's counsel deemed portions of the Site Assessment relevant as early as January 17, 2002, if not before, and intended to provide Plaintiffs' counsel with the applicable portions. *See* SCA's and Alcoa's Memorandum in Opposition at 13. In an e-mail from Attorney Ferron to Attorney Pattie, the former stated "**I have located a voluminous site assessment** but could not review it before I left town. I will produce portions of the assessment that address bauxite and/or red mud. The rest is irrelevant." *Id* (emphasis in original). Defendants SCA and Alcoa aptly state that "the 'portions' of the site assessment Mr. Ferron intended to provide were never actually culled from the larger document and sent to Plaintiffs' counsel. . . . [H]is stated intention to do so was in good faith . . . and that lack of follow-up to Mr. Rhea's request was wholly inadvertent." *Id.* at 13-14.

The resulting conclusion is that Defendants were delinquent in producing said Site Assessment. Although the reason for Defendants' delinquency is unknown, Plaintiffs' evidence falls short of demonstrating willfulness. And, while not dispositive, it is noteworthy and unclear when Plaintiffs themselves deemed said Assessment relevant, as "Plaintiffs' counsel took no further steps to secure a copy of the 'voluminous site

*Henry v. St. Croix Alumina, L.L.C.*
1999-CV-0036
Order Regarding Plaintiffs' Motion for Sanctions
Page 7

assessment' . . . from counsel for SCA and Alcoa." *Id.* at 14. Nevertheless, said Site Assessment was produced in a delinquent manner.

As this Court previously observed, "[t]he purpose of sanctions is not to punish, but to induce a recalcitrant party to complete discovery." *Damidaux v. Hess Oil Virgin Islands Corp.*, 18 V.I. 303, 306 (D.V.I. 1981). But, even if discovery is completed, "a belated response to interrogatories does not eliminate the power of a court to impose . . . sanctions . . . ." *Id.* at 305 (internal citations omitted). And, "federal courts [have] broad discretion in imposing sanctions for failure to comply with discovery requests." *Callwood v. Zurita*, 158 F.R.D. 359, 361 (D.V.I. 1994). Finally, "the propriety of a sanction must be reasonable in light of the circumstances surrounding a litigant's violative conduct." *In re Hendricks,* 38 V.I. 127, 132 (V.I. Terr. Ct. 1998). Thus, "a sanction is reasonable only if its character and magnitude are proportionate to the severity of the violation . . . and the harmful consequence of that violation." *Id*. (internal citations omitted).

Regarding Plaintiffs' request for sanctions number one (1) "[t]hat the Assessment and supporting data be deemed admissions by all Defendants," Plaintiffs' Memorandum of Law in Support at 21, Fed.R.Civ.P. 36 suggests that matters are generally "deemed admitted if there is no response to a *request* for admissions." *Community Realty Mgmt. v. Blackman*, 21 V.I. 195, 196 (V.I. Terr. Ct. 1984) (emphasis added). In fact, Rule 36 states,

*Henry v. St. Croix Alumina, L.L.C.*
1999-CV-0036
Order Regarding Plaintiffs' Motion for Sanctions
Page 8

"[t]he matter is admitted unless . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . ." Fed.R.Civ.P. 36 (a). Deeming evidence admitted as a *sanction*, however, "is a severe sanction" infrequently imposed. *Spear v. Commissioner (Estate of Spear)*, 41 F.3d 103, 110 (3d. Cir. 1994). In fact, the *Estate of Spear* Court noted that it had "reviewed sanctions deeming facts to be established on only two other occasions." *Id*. The Court's analysis, nevertheless, resulted in a balancing test applicable to this situation. Under said analysis, the Court must "consider: 1) culpability (including willfulness and bad faith, and whether the client was responsible or solely the attorney); 2) prejudice; and 3) whether lesser sanctions would have been effective." *Id*. at 111. In the instant case, Defendants were delinquent in producing said Site Assessment. However, given that Defendants' delinquency was not willful, and any prejudice rendered to Plaintiffs has been cured, the Court finds Plaintiffs' request to be excessive. Accordingly, Plaintiffs' request that said Site Assessment and the data contained therein be deemed admitted is denied.

    The Court next addresses whether it may exclude expert opinion as requested by Plaintiffs. When determining whether to exclude evidence, the Court must apply the factors outlined in *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05

*Henry v. St. Croix Alumina, L.L.C.*
1999-CV-0036
Order Regarding Plaintiffs' Motion for Sanctions
Page 9

(3d Cir. 1977), *overruled on other grounds, Goodman v. Lukens Steel Co.*, 777 .2d 113 (3d Cir. 1977) *aff'd,* 482 U.S. 656, 107 S. Ct. 2617, 96 L. Ed. 2d 572 (1987).

> The court in *Meyers* articulated four (4) elements to be considered:
>
> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness . . . .

*Meyers*, 559 F.2d at 904-05.

After conducting a *Meyers* analysis, the Court declines to "exclude any part of a defense expert's opinion that relies . . . on assumptions provided by counsel with regard to the pH levels and the chemical constituents and concentrations of the dust to which Plaintiffs' were exposed, to the extent those assumptions are contradicted by the admissions in the 1995 Site Assessment."  Plaintiffs' Memorandum of Law in Support at 21.  Said Site Assessment was provided to Plaintiffs, albeit belatedly, and any prejudice sustained is now cured.  Furthermore, no trial date has been set, and Plaintiffs' arguments that this case is on the "eve of trial" are unpersuasive.  Finally, Plaintiffs' suggestion that Defendants willfully withheld said Assessment is unconvincing.  Accordingly, Plaintiffs request to exclude certain expert opinions is denied.

Regarding request for sanctions number three (3), whether "Plaintiffs experts be permitted to incorporate the data and information in the 1995 Site Assessment into their opinions, and be permitted to amend and/or supplement their opinions accordingly without objection and without requiring or allowing them to be re-deposed," *id.*, the Court finds that no prejudice will result to Defendants, and accordingly, grants Plaintiffs' request.

Additionally, the Court denies Plaintiffs' request for sanctions numbers four (4) through eight (8). As mentioned above, "the propriety of a sanction must be reasonable in light of the circumstances surrounding a litigant's violative conduct." *In re Hendricks*, 38 V.I. at 132. In the instant case, the evidence presented has not demonstrated willful failure to produce the Site Assessment. Additionally, said Site Assessment was produced to Plaintiffs with minimal prejudice; and, said prejudice was cured. Finally, the undersigned finds that request for sanctions numbers four (4) through eight (8) are unduly burdensome and disproportionate to the alleged misconduct. This is especially true in regards to sanction numbers six (6) and seven (7). In effect, those sanctions would require Defendants to perform duplicative work that was effectively completed in the pre-trial litigation process to date. As indicated by Magistrate Judge Resnick, "**factual discovery is finished for everybody**. . . . If there is something special that is required and just and appropriate to do it, I'll allow it. But by and large, factual discovery is over." SCA's and

*Henry v. St. Croix Alumina, L.L.C.*
1999-CV-0036
Order Regarding Plaintiffs' Motion for Sanctions
Page 11

Alcoa's Opposition at 18 (citing Transcript of December 9, 2003 Status Conference before Judge Resnick at 5-12) (emphasis in original). Finally, in regards to sanction number six (6), Plaintiffs identify no specific and outstanding document requests to be produced. Accordingly, Plaintiffs' motion for sanctions numbers four (4) through eight (8) is denied.

It is now hereby **ORDERED**:

1. Plaintiffs' Motion for Sanctions to be Awarded Against Defendants for Willfully Delaying the Production of Crucial Scientific Evidence (Docket No. 1040) is **GRANTED IN PART** and **DENIED IN PART**.

2. Plaintiffs' request for sanctions number three (3) is **GRANTED**, and Plaintiffs' experts are hereby permitted to incorporate the data and information in the 1995 Site Assessment into their opinions, and Plaintiffs' experts are further permitted to amend and/or supplement their opinions without objection and without being re-deposed by Defendants.

3. Plaintiffs' remaining requests for sanctions, numbers one (1) and two (2) and four (4) through eight (8), are hereby **DENIED**.

4. Defendant Glencore, Ltd.'s request that the undersigned issue an award for its costs associated with responding to this motion is **GRANTED**.

*Henry v. St. Croix Alumina, L.L.C.*
1999-CV-0036
Order Regarding Plaintiffs' Motion for Sanctions
Page 12

5. Plaintiffs' counsel shall pay to Glencore, Ltd., upon Court approval of such amounts, Glencore, Ltd.'s reasonable expenses, including attorney's fees, associated with filing its response to Plaintiffs' Motion for Sanctions to be Awarded Against Defendants for Willfully Delaying the Production of Crucial Scientific Evidence.

6. Glencore, Ltd. shall file, within ten (10) days from the date of the entry of this Order, an affidavit or other certification of Glencore, Ltd.'s reasonable expenses, including attorney's fees, associated with filing its response to Plaintiffs' Motion for Sanctions to be Awarded Against Defendants for Willfully Delaying the Production of Crucial Scientific Evidence.

ENTER:

Dated: August 6, 2007                              /s/
                                          GEORGE W. CANNON, JR.
                                          U.S. MAGISTRATE JUDGE