IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| JOSEPHAT HENRY resident of Harvey, KAY WILLIAMS resident of Harvey, SYLVIA BROWNE resident of Clifton Hill, MAUDE DREW resident of Estate Barren Spot, MARTHA ACOSTA resident of Estate Profit, WILHELMINA GLASGOW as an individual and mother and next friend of SAMANTHA VIERA, a minor, both residents of Estate Profit, MERCEDES ROSA resident of Estate Profit, GEORGE RODRIGUEZ as an individual and as father and next friend of AMANDO and GEORGE E. RODRIGUEZ, Minors, all residents of Estate Profit, SONYA CIRILO resident of Estate Profit, RAQUEL TAVAREZ, resident of Estate Profit, NEFTALI CAMACHO, as an individual and as father and next friend of ANGEL JAVIER CAMACHO, a minor, both residents of Estate Profit, EYAJIE MALAYKHAN resident of Estate Profit, CHEDDIE KELSHALL resident of Estate Profit and other persons too numerous to mention, A CLASS ACTION,<br><br>         Plaintiffs,<br>v.<br><br>ST. CROIX ALUMINA, LLC, ALCOA INC., and GLENCORE, LTD, f/k/a CLARENDON, LTD.,<br><br>         Defendants. | CIVIL NO. 1999/0036 |

**DEFENDANTS ST. CROIX ALUMINA, LLC AND ALCOA INC.'S MOTION FOR PARTIAL RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**

  Defendants St. Croix Alumina, LLC ("SCA") and Alcoa Inc. ("Alcoa") (collectively, "Defendants") move this Court for partial reconsideration of its Order dated August 6, 2007 sanctioning Defendants (the "August 6 Order") and request that the Court permit Defendants to re-depose, at Defendants' expense, those expert witnesses of Plaintiffs who amend or supplement their opinions in accordance with the August 6 Order. Any such depositions should be limited to

new issues contained in the written expert reports setting out any amended or supplemented opinions. *See* Fed. R. Civ. P. 26(a)(2)(B) (expert testimony must be provided in a written report that "shall contain a complete statement of all opinions to be expressed").

## INTRODUCTION

Defendants have no objection to the Court's August 6 Order insofar as it permits Plaintiffs' experts to incorporate the data and information contained in the 1995 Site Assessment to amend or supplement their opinions. However, in the interests of judicial economy and to preclude any surprise at trial that would confuse these already-complicated proceedings and potentially prejudice Defendants, the Court should reconsider its ruling that Defendants may not re-depose those experts who amend or supplement their opinions in accordance with the August 6 Order.[1] Any new depositions, which would necessarily be on the limited issue of amendments or supplements made to incorporate data and information contained in the 1995 Site Assessment, would be paid for by the Defendants.

## STANDARD

"A party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge. A motion to reconsider shall be based on: . . . the need to correct clear error or prevent manifest injustice." D. V.I. Loc. R. Civ. P. 7.4. "Given the wide discretion conferred on a district court by the Federal Rules, courts have sometimes found it appropriate to grant reconsideration on grounds that do not fall within a narrow interpretation of Rule 7.4 in order to meet the unique circumstances of a particular case." *Bostic*

---

[1] Of course, Plaintiffs' counsel should also be entitled to re-depose any of the Defendants' experts who amend their reports in response to any amendments by Plaintiffs' experts.

*v. AT&T*, 312 F. Supp. 2d 731, 734 (D. V.I. 2004) (citing *Slater v. KFC Corp.*, 621 F.2d 932, 939 (8th Cir. 1980); *Walker v. Bank of Am. Nat'l Trust and Sav. Ass'n*, 268 F.2d 16, 25 (9th Cir. 1959)).

A party has ten business days after entry of an order to file a motion for reconsideration. *See* D. V.I. Loc. R. Civ. P. 7.4; Fed. R. Civ. P. 6(a).[2]

## ARGUMENT

While Defendants believe that the information contained in the 1995 Site Assessment -- including information relating to the pH of groundwater, which is decidedly not at issue in this matter -- is irrelevant to the issues in this case, Defendants recognize that the Assessment itself was discoverable. As the Court correctly noted in its Order, Defendants inadvertently failed to produce that document. *See* August 6 Order ("the evidence presented has not demonstrated willful failure to produce the Site Assessment").[3] Accordingly, Defendants do not contest the Court's decision to allow Plaintiffs' experts to amend or supplement their opinions to incorporate data and information contained in 1995 Site Assessment. Defendants, however, urge the Court to reconsider the aspect of the August 6 Order stating that Defendants may not re-depose any of

---

[2] The filing of this motion also tolls the ten-day period under Federal Rule of Civil Procedure 72(a) for the filing of objections to the Court's ruling. *See Comeau v. Rupp*, 142 F.R.D. 683, 685-86 (D. Kan. 1992) (motion to reconsider filed with a magistrate judge following an unfavorable ruling tolls the ten days granted by Rule 72(a) in which to file objections for review by district judge); *see also* D. V.I. Loc. R. Civ. P. 72.1(b)(3) (magistrate or district judge has authority to extend time for filing objections to magistrate judge's order on non-dispositive motions).

[3] Defendants also note that in the August 6 Order, the Court characterized the substance allegedly dispersed by Hurricane Georges as "red mud." The actual substance dispersed by the hurricane is a contested fact issue, and Defendants do not concede that any red mud -- which is a hard, largely non-friable substance formerly stored at the St. Croix facility -- was dispersed by Hurricane Georges. .

<u>Henry, et al. v. St. Croix Alumina, LLC, et al.</u>
Defendants' Motion for Partial Reconsideration
Page 4 of 9

Plaintiffs' experts who amend or supplement their opinions. Permitting Defendants to re-depose any of Plaintiffs' experts who amend or supplement their opinions will serve the interests of judicial economy and avoid any undue prejudice to Defendants.

A.   <u>The Court Should Allow Defendants To Re-Depose Those Experts Of Plaintiffs Who Revise Or Amend Their Opinions In Order To Narrow Issues For Trial.</u>

A primary purpose of discovery is to "narrow and clarify the basic issues between the parties." *Hickman v. Taylor*, 329 U.S. 495, 500-01 (1947). The sanction allowing amended opinions but foreclosing Defendants from discovering the basis for such amended opinions would frustrate this important purpose of discovery.

As the Court is aware -- and as nine years of discovery will attest -- the scientific and medical issues implicated in this case are dauntingly numerous and incredibly complex. Through expert depositions, the parties have been able to delineate the parameters of the issues at the heart of this litigation -- principally, that the only substances at issue are hexavalent chromium and crystalline silica; Plaintiffs have also pointed to the pH of the material as an alleged cause of their claimed ailments. Allowing Defendants to re-depose Plaintiffs' experts on amended or supplemental opinions would enhance the parties' ability to keep this case focused and thereby avoid the potential additional cost and delay (to both the parties and the Court) that inevitably occurs when areas of dispute are not clarified and narrowed during discovery.

The August 6 Order permits Plaintiffs' experts to amend or supplement their opinions to incorporate the data and information contained in the 1995 Site Assessment. Plaintiffs themselves have taken the position that the only data in that 500-page document that is of interest to their experts is the pH of the groundwater in monitoring wells below the refinery property in the general vicinity of the former site of the red mud pile. *See, e.g.*, Affidavit of Edward W.

Kleppinger, Ph.D., attached as Exhibit 3 to Plaintiffs' Reply in Support of Motion for Sanctions. Thus whatever revisions or amendments Plaintiffs' experts make to their opinions should relate to those few data points.

Accordingly, permitting Defendants to re-depose those experts of Plaintiffs who revise their opinions would be no great burden on Plaintiffs, as the subject matter of such deposition would be limited to the subject of the revisions. [4] Moreover, Defendants are hereby agreeing to bear the cost of those depositions, further ensuring no real burden to Plaintiffs. The depositions would serve to ensure that this case does not go backwards and that the significant progress made in narrowing issues and readying this matter for trial is not lost.

B.  The Court Should Permit Re-Deposition In Order To Ensure It Has All Necessary Information For Deciding *Daubert* Motions.

It is inevitable that in a case such as this, the Court will be tasked with deciding *Daubert* motions. However, should the Court decline to reconsider its ruling that Defendants may not depose Plaintiffs' experts regarding any changes to their opinions in light of the information contained in the 1995 Site Assessment, the Court may be hampered in its efforts to determine, with respect to the new expert opinions, "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.[5]

---

[4] It is likely that Co-defendant, Glencore, Ltd., will re-depose those experts of Plaintiffs' who revise or amend their opinions. Thus, to permit Defendants too, to re-depose those experts will cause no prejudice to Plaintiffs.

[5] It is the party proffering expert testimony that bears the burden of demonstrating admissibility. *See, e.g., Belofsky v. GE*, 980 F. Supp. 818 (D. V.I. 1997) (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 743 (3d Cir. 1994); *U.S. v. Downing*, 753 F.2d 1224, 1240, n.21 (3d Cir. 1985)). Thus regardless of whether Defendants have access to information regarding the reliability *vel non* of Plaintiffs' experts' opinions regarding information in the 1995 Site

Henry, et al. v. St. Croix Alumina, LLC, et al.
Defendants' Motion for Partial Reconsideration
Page 6 of 9

Should Plaintiffs' experts ascribe some relevancy to the data and information contained in the 1995 Site Assessment and decide to amend or supplement their opinions – that is, should they attempt to posit a connection between the highest pH reading of the groundwater beneath the refinery in 1995 and the pH of the above ground red material blown during Hurricane Georges in 1998 – the Court will be less able to perform meaningful *Daubert* analysis of such opinions in the absence of depositions by Defendants. Reliability and fit are threshold requirements for admissibility under Rule 702. It is through deposition that the bases for Plaintiffs' experts' new opinions will become sufficiently clear, providing the Court with critical information for determining whether testimony based on such opinions will be relevant and admissible; *i.e.*, whether it is reliable and fits the facts of the case sufficiently.

C.  The Court Should Permit Re-Deposition In Order To Avoid Surprise At Trial.

As discussed *supra*, under the August 6 Order as it currently stands, there exists a very real possibility that, at trial, Defendants will be forced to conduct what amount to discovery depositions of Plaintiffs' experts on the stand. The corollary to that reality is that Defendants may find themselves learning of information and certain opinions amended or supplemented in accordance with the August 6 Order for the very first time at trial.

It is this very surprise that discovery procedures are intended to minimize. The discovery process is in place to ensure that both sides of a case are operating with the same information, in order that both sides will have a realistic understanding of the strength of their own position and that of the other side. To bar Defendants from deposing Plaintiffs' experts with respect to new opinions formed in light of information contained in the 1995 Assessment would serve only to

---

Assessment, the Court can be called upon to weigh the admissibility of testimony regarding such opinions.

obfuscate matters and hamper resolution of this litigation. Moreover, forcing Defendants to obtain expert discovery at trial could unfairly prejudice defendants. That result would be inconsistent with the Court's expectation that "no prejudice will result to Defendants," *see* August 6 Order at 10, and unwarranted in light of the Court's finding that the Defendants' delinquent production of the 1995 Site Assessment "was not willful, and any prejudice to the Plaintiffs has been cured." *Id.* at 8.

## CONCLUSION

WHEREFORE, St. Croix Alumina, LLC and Alcoa Inc. respectfully request that the Court reconsider and revise its Order dated August 6, 2007, and permit Defendants to re-depose, at their own expense, those expert witnesses of Plaintiffs who amend or supplement their opinions in accordance with the August 6 Order.

Respectfully submitted,

THE LAW OFFICES OF BERNARD C. PATTIE, PC

Dated: August 20, 2007

s/Bernard C. Pattie
1244 Queen Cross Street, Suite 5
Christiansted, VI 00820
(340) 692-1171 *phone*
(340) 692-7719 *fax*
boinie@compuserve.com
paralegal.bcppc@vipowernet.net
V.I. Bar No. 262

<u>Henry, et al. v. St. Croix Alumina, LLC, et al.</u>
Defendants' Motion for Partial Reconsideration
Page 8 of 9

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 20th day of August, 2007, I electronically filed the foregoing Defendant St. Croix Alumina, LLC and Alcoa Inc.'s Motion for Partial Reconsideration of Magistrate Judge's Order with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Lee J. Rohn, Esq.
> Law Offices of Rohn & Cameron, LLC
> 1101 King Street
> Christiansted, VI 00820
>
> Gordon C. Rhea, Esq.
> Richardson Patrick, et al.
> 1037 Chuck Dawley Blvd.
> Mt. Pleasant, SC 29464
>
> Derek M. Hodge
> MacKay & Hodge, LLC
> P.O. Box 303678
> St. Thomas, VI  00803

And I hereby certify that I have mailed the document by U.S. Mail to the following non-filer users:

Scott Summy, Esq., Renee Melancon, Esq.,
Laura Baughman, Esq. Ellen Presby, Esq.
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

                s/Bernard C. Pattie
                1244 Queen Cross Street, Suite 5
                Christiansted, VI 00820
                (340) 692-1171 *phone*
                (340) 692-7719 *fax*
                boinie@compuserve.com
                paralegal.bcppc@vipowernet.net
                V.I. Bar No. 262