IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| JOSEPHAT HENRY resident of Harvey, KAY WILLIAMS resident of Harvey, SYLVIA BROWNE resident of Clifton Hill, MAUDE DREW resident of Estate Barren Spot, MARTHA ACOSTA resident of Estate Profit, WILHELMINA GLASGOW as an individual and mother and next friend of SAMANTHA VIERA, a minor, both residents of Estate Profit, MERCEDES ROSA resident of Estate Profit, GEORGE RODRIGUEZ as an individual and as father and next friend of AMANDO and GEORGE E. RODRIGUEZ, Minors, all residents of Estate Profit, SONYA CIRILO resident of Estate Profit, RAQUEL TAVAREZ, resident of Estate Profit, NEFTALI CAMACHO, as an individual and as father and next friend of ANGEL JAVIER CAMACHO, a minor, both residents of Estate Profit, EYAJIE MALAYKHAN resident of Estate Profit, CHEDDIE KELSHALL resident of Estate Profit and other persons too numerous to mention, A CLASS ACTION,<br><br>       Plaintiffs,<br> v.<br><br>ST. CROIX ALUMINA, LLC, ALCOA INC., and GLENCORE, LTD, f/k/a CLARENDON, LTD.,<br><br>       Defendants. | CIVIL NO. 1999/0036 |

**DEFENDANTS ST. CROIX ALUMINA, LLC AND ALCOA INC.'S
RESPONSE TO PLAINTIFFS' APPEAL OF AUGUST 6 ORDER**

COME NOW Defendants St. Croix Alumina, LLC ("SCA") and Alcoa Inc. ("Alcoa") (collectively, "Defendants"), and file their response to Plaintiffs' notice of appeal of Magistrate Judge Cannon's Order dated August 6, 2007 (the "August 6 Order"). As demonstrated below, Magistrate Judge Cannon's express finding that the Defendants did not willfully withhold the single document at issue here was absolutely correct -- and certainly was not clearly erroneous.

Case: 1:99-cv-00036-HB Document #: 1183 Filed: 12/14/07 Page 2 of 19

Henry, et al. v. St. Croix Alumina, LLC, et al., Civ. 1999/0036
Defendants' Response to Plaintiffs' Appeal of August 6 Order

Accordingly, Magistrate Judge Cannon's factual finding should be affirmed, and Plaintiffs' efforts to have this Court impose sanctions on the Defendants should be rejected.

## I. INTRODUCTION AND FACTUAL BACKGROUND

The instant round of briefing was instigated by Plaintiffs, who seek to gain in sanctions what they have failed to achieve through merits. Plaintiffs' motion is about a single document. As Magistrate Judge Cannon recognized after reviewing the evidence presented by both parties, Plaintiffs were fully aware of the document, the document was not withheld willfully but was overlooked by Defendants' then-counsel, and Plaintiffs' counsel failed to follow up on the email notifying them of the document and Defendants' intent to produce it (which, inadvertently, did not occur following the email). (*See* August 6, 2007 Order of Magistrate Judge Cannon ("August 6 Order").)

The dispute centers on a November 1995 assessment of the alumina refinery (the "Site Assessment"), a document delivered to SCA after SCA's acquisition of the alumina refinery site on St. Croix from VIALCO. In its hundreds of pages, the Site Assessment contained a couple of data points that Plaintiffs now claim to be of interest: figures for the pH of groundwater in monitoring wells on the alumina refinery property. Plaintiffs' legal claims have always presented a moving target, which has been reflected in a shotgun approach to discovery. For example, a single set of document requests that Plaintiffs served in 2001 included *222* separate requests for production. *See* Plaintiffs' Requests for Production (a copy of which is attached as Exhibit A).

Request No. 216 of that set sought "[a]ny and all documents. . . related to all environmental assessments, evaluations, studies, and/or reports conducted on the St. Croix Alumina refinery, irrespective of whether such documents were generated as a result of the

Henry, et al. v. St. Croix Alumina, LLC, et al., Civ. 1999/0036
Defendants' Response to Plaintiffs' Appeal of August 6 Order

changing of ownership." *Id.* Among the documents in Defendants' possession arguably responsive to Request No. 216 was the Site Assessment, a document generated by the consulting firm Geraghty & Miller and delivered to SCA after its acquisition of the alumina refinery site from VIALCO. Defendants served their written responses and objections on May 11, 2001. *See* Defendants' Objections and Responses to Plaintiffs' Requests for Production (a copy of which is attached as Exhibit B). As the record makes clear, and as Magistrate Judge Cannon expressly found, Defendants conducted a search for responsive documents, informed Plaintiffs that they had located this Site Assessment, and intended to produce the Site Assessment.

Indeed, on January 22, 2002, Bernard Pattie, Defendants' counsel, forwarded to Gordon Rhea, Plaintiffs' counsel, an email from Benjamin Ferron, then-counsel for Defendants, in which Mr. Ferron stated, "I have located a voluminous site assessment but could not review it before I left town. I will produce portions of the assessment that address bauxite and/or red mud. The rest is irrelevant." *See* January 22, 2002 E-Mail from B. Pattie to G. Rhea (a copy of which is attached as Exhibit C). This was in response to Mr. Rhea's email to Mr. Pattie, in which he stated that he was aware of an assessment prepared for Alcoa and requested the document: "We do not have documents related to the environmental impact assessment and management plan made specifically for the St. Croix Alumina refinery—we do have one for Vialco that can be used however it is preferable to have one from Alcoa." *See* January 17, 2002 E-Mail from G. Rhea to B. Pattie (a copy of which is attached as Exhibit D).

Thus, the record before Magistrate Judge Cannon is clear. Plaintiffs were aware of the document at issue in early 2002 and Defendants expressly told the Plaintiffs in early 2002 that they were going to produce the document. As Mr. Ferron said in his affidavit submitted to Magistrate Judge Cannon, "The fact that the portions of the assessment were not produced to

3

Henry, et al. v. St. Croix Alumina, LLC, et al., Civ. 1999/0036
Defendants' Response to Plaintiffs' Appeal of August 6 Order

changing of ownership." *Id.* Among the documents in Defendants' possession arguably responsive to Request No. 216 was the Site Assessment, a document generated by the consulting firm Geraghty & Miller and delivered to SCA after its acquisition of the alumina refinery site from VIALCO. Defendants served their written responses and objections on May 11, 2001. *See* Defendants' Objections and Responses to Plaintiffs' Requests for Production (a copy of which is attached as Exhibit B). As the record makes clear, and as Magistrate Judge Cannon expressly found, Defendants conducted a search for responsive documents, informed Plaintiffs that they had located this Site Assessment, and intended to produce the Site Assessment.

Indeed, on January 22, 2002, Bernard Pattie, Defendants' counsel, forwarded to Gordon Rhea, Plaintiffs' counsel, an email from Benjamin Ferron, then-counsel for Defendants, in which Mr. Ferron stated, "I have located a voluminous site assessment but could not review it before I left town. I will produce portions of the assessment that address bauxite and/or red mud. The rest is irrelevant." *See* January 22, 2002 E-Mail from B. Pattie to G. Rhea (a copy of which is attached as Exhibit C). This was in response to Mr. Rhea's email to Mr. Pattie, in which he stated that he was aware of an assessment prepared for Alcoa and requested the document: "We do not have documents related to the environmental impact assessment and management plan made specifically for the St. Croix Alumina refinery—we do have one for Vialco that can be used however it is preferable to have one from Alcoa." *See* January 17, 2002 E-Mail from G. Rhea to B. Pattie (a copy of which is attached as Exhibit D).

Thus, the record before Magistrate Judge Cannon is clear. Plaintiffs were aware of the document at issue in early 2002 and Defendants expressly told the Plaintiffs in early 2002 that they were going to produce the document. As Mr. Ferron said in his affidavit submitted to Magistrate Judge Cannon, "The fact that the portions of the assessment were not produced to

3

Case: 1:99-cv-00036-HB   Document #: 1183   Filed: 12/14/07   Page 4 of 19

Henry, et al. v. St. Croix Alumina, LLC, et al., Civ. 1999/0036
Defendants' Response to Plaintiffs' Appeal of August 6 Order

[Plaintiffs] was an oversight on my part and was wholly inadvertent." Affidavit of Benjamin J. Ferron, ¶ 6 (a copy of which is attached hereto as Exhibit E).

Although it is unfortunate that Mr. Ferron inadvertently forgot to produce the document after stating that he would do so, he is hardly the only one who did not follow up about the document in 2002. Plaintiffs were well aware of the document, but as Magistrate Judge Cannon found, Plaintiffs never followed up on their request or Mr. Ferron's email indicating that this document would be produced. This is so even though the Site Assessment was expressly discussed during the February 25, 2002 Alcoa 30(b)(6) deposition. *See* Rule 30(b)(6) Deposition of Alcoa Inc. by Joe Norton, taken February 25, 2002, at 158:7-15 (relevant pages of which are attached as Exhibit F).

There was no further discussion of this document until more than four years later, when on September 28, 2006, Plaintiffs informally requested that Defendants produce the Site Assessment, and Defendants immediately complied.[1] *See* October 5, 2006 Letter from Lee Rohn (a copy of which is attached as Exhibit G). Following this production, Plaintiffs filed their motion for sanctions.[2]

Plaintiffs' sanctions motion was premised on the alleged importance of the groundwater pH data in the Site Assessment. This is curious because from 1998 to 2006, Plaintiffs made no

---

[1] Plaintiffs' counsel claims that she was unaware of the document and that Defendants produced the Site Assessment only because she "bluffed" them into thinking that she already had the document. (Motion for Sanctions at 4.) This is obviously inaccurate, as her own co-counsel learned of the document both in e-mail correspondence and a deposition four years before the "bluff."

[2] Plaintiffs moved for sanctions against Glencore as well as Alcoa and SCA despite the fact that Glencore was not involved in the creation of the Site Assessment. Magistrate Judge Cannon denied all sanctions as to Glencore, and ordered that Plaintiffs pay Glencore's costs of opposing the motion. Plaintiffs spend a significant portion of their brief focusing on Glencore. (*See* Plaintiffs' Amended Notice at 18-26.) Glencore will address those arguments in its response.

4

effort to develop evidence of the pH of the material carried onto their property by the hurricane. Indeed, neither Plaintiffs nor their experts ever even tested the pH of the material that they allege caused the harm to the class members, and their experts never mentioned pH in their reports. Plaintiffs' current assertions that they suffered prejudice from not having access to the pH of groundwater in the general vicinity of the alleged source of the material years before the incident -- when this is not even a groundwater case -- ring hollow.

Magistrate Judge Cannon largely rejected Plaintiffs' motion. Most importantly, Magistrate Judge Cannon rejected the premise of Plaintiffs' argument and made an express factual finding that the delay in producing the document was not willful. (*See* August 6 Order.) Magistrate Judge Cannon therefore rejected seven of the eight sanctions proposed by Plaintiffs.[3] Second, Magistrate Judge Cannon implicitly recognized the at-most *de minimis* relevance of the Site Assessment, and that Plaintiffs' actions during discovery appear inconsistent with their current claims of overwhelming importance. (*See* August 6 Order at 6-7.)

Plaintiffs have filed a Notice of Appeal attacking the August 6 Order. They claim, among other things, that Magistrate Judge Cannon's factual finding that Defendants' delay was not willful constitutes clear error. However, as Magistrate Judge Cannon found, Defendants repeatedly informed Plaintiffs of the existence of the document. Such behavior makes clear that the delay in production was wholly inadvertent, and, standing alone, demonstrates that Plaintiffs cannot show that Magistrate Judge Cannon's findings were "clear error."

---

[3] Magistrate Judge Cannon did grant one of Plaintiffs' proposed sanctions, permitting their experts to revise or amend their opinions to account for information contained in the 1995 Site Assessment. As the Court is aware, Defendants have asked the Court to slightly modify this ruling in order to permit them to participate in the depositions of those experts of Plaintiffs who revise or amend their opinions.

Further, Plaintiffs' claim that they have been irrevocably prejudiced in any way by the delay in production is disingenuous. First, expert discovery has not closed, and Magistrate Judge Cannon's ruling that Plaintiffs' experts may amend or revise their expert reports to account for the information and data contained in the Site Assessment has cured whatever slight prejudice might have been done to Plaintiffs. Second, Plaintiffs' unwavering indifference to pH data prior to their filing of the motion for sanctions -- and their decision to wait four years after the close of fact discovery to renew their request for the Site Assessment despite their knowledge of the existence of the document -- demonstrate the lack of importance Plaintiffs attached to this issue.

### III.  STANDARD OF REVIEW

This Court must affirm Magistrate Judge Cannon's rulings unless Plaintiffs can show that the "order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (the district court may only modify or set aside that "portion of the magistrate judge's order found to be clearly erroneous or contrary to law").

Third Circuit district courts have interpreted the language of 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) to mean that "[w]hen a magistrate judge's decision is on a highly discretionary matter, courts. . . have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing *Conway v. State Farm Fire & Cas. Co.*, 1998 U.S. Dist. LEXIS 20137, *1 (E.D. Pa. 1998); *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). A magistrate judge's ruling on discovery matters "is entitled to great deference and is reversible only for abuse of discretion." *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D. N.J. 1997) (quoting *Kresekfdy v. Panasonic Commc'n and Sys. Co.*, 169 F.R.D. 54, 64 (D. N.J. 1996); citing 12 Wright, Miller & Marcus, *Federal Practice and*

*Procedure: Civil 2d* § 3069 ("many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis")). Under this standard, the Court should not modify Magistrate Judge Cannon's Order unless the Court "is left with the definite and firm conviction that a mistake has been committed." *Harrison v. Bornn, Bornn & Handy*, 200 F.R.D. 509, 513 (D. V.I. 2001) (quoting *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D. N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948))).

A "finding of willful bad faith [*vel non*]. . . is a factual determination reviewable under the clearly erroneous standard. Once a finding of bad faith is made, the appropriateness of sanctions is a matter entrusted to the discretion of the district court." *In re Prudential Ins. Co. Am. Sales Practice Litig. Actions*, 278 F.3d 175, 181 (3d Cir. 2002) (quoting *Hackman v. Valley Fair*, 932 F.2d 239, 242 (3d Cir. 1991)). "'Lack of diligence' does not constitute bad faith." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 793 (3d Cir. 1994) (appellate court holding that district court's finding of willfulness on the part of plaintiffs in delayed production was clearly erroneous).

"[T]he propriety of a sanction must be reasonable in light of the circumstances surrounding a litigant's violative conduct." *In re Hendricks*, 38 V.I. 127, 132 (V.I. Terr. Ct. 1998). As the Third Circuit Court of Appeals recently noted,

> [W]hether a failure to produce is intentional, negligent, or inadvertent is a significant factor in assessing the severity of the transgression. On the other hand, a failure to produce documents that is rectified many months before trial causes less prejudice and is less expensive to rectify than a failure to produce relevant documents that is discovered on the eve of the last day of a long and complicated trial.

Case: 1:99-cv-00036-HB Document #: 1183 Filed: 12/14/07 Page 8 of 19

Henry, et al. v. St. Croix Alumina, LLC, et al., Civ. 1999/0036
Defendants' Response to Plaintiffs' Appeal of August 6 Order

*Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, *81 (3d Cir. 2007) (appellate court finding that a district court properly exercised its discretion in imposing monetary sanctions after defendant produced relevant documents the night before the last day of trial).

### IV. ARGUMENT

A.  **Magistrate Judge Cannon's Ruling Rejecting Plaintiffs' Proposed Sanctions is Well-Grounded in Fact and Law and Should Be Affirmed.**

But for the single sanction imposed, Magistrate Judge Cannon found that Plaintiffs' proposed "alternative sanctions were either too harsh and/or not commensurate with the discovery violation." (November 14, 2007 Order of Magistrate Judge Cannon ("November 14 Order").) The Court should not disturb that ruling.

1.  <u>Magistrate Judge Cannon's Finding that the Delay in Production of the Site Assessment Was Not Willful Is Correct.</u>

As Magistrate Judge Cannon correctly found, "Plaintiffs' evidence falls short of demonstrating willfulness." (August 6 Order at 6.) The record demonstrates that the delay in Defendants' production of the Site Assessment was entirely inadvertent. Because the Court may overturn Magistrate Judge Cannon's finding that the delay in production was not willful only for clear error, *In re Prudential Ins. Co.*, 278 F.3d at 181, the finding must stand.

Here, Defendants have proffered a reasonable explanation for the inadvertent delay in production of the Site Assessment: "The fact that the portions of the assessment were not produced to [Plaintiffs] was an oversight on my part and was wholly inadvertent." Exh. E at ¶ 6. It is only in the absence of such a reasonable explanation that a court should make a finding of willfulness or bad faith. *See, e.g., Ware v. Rodale Press, Inc.*, 322 F.3d 218, 224 (3d Cir. 2003) (appellate court upholding district court's finding of willfulness where sanctioned party failed to proffer any excuse, either at sanctions stage or on appeal, for failure to disclose)

Plaintiffs' half-hearted attempt to demonstrate clear error by Magistrate Judge Cannon fails. First, Plaintiffs argue that Magistrate Judge Cannon's finding was clearly erroneous because Plaintiffs were "diligent [in their] discovery efforts." (Plaintiffs' Amended Notice at 27.) This is a non sequitur. The diligence of one party simply does not speak to the willfulness of another. Whether Plaintiffs have been diligent in their prosecution of this litigation -- and Defendants do not concede that they have -- is a question unrelated to whether Defendants' delayed production was inadvertent. Even if Plaintiffs' supposed diligence had some relevance to the question at hand, Magistrate Judge Cannon effectively responded to Plaintiffs' claim that they were diligent: "while not dispositive, it is noteworthy and unclear when Plaintiffs themselves deemed said Assessment relevant, as 'Plaintiffs' counsel took no further steps to secure a copy of the "voluminous site assessment". . . from counsel for SCA and Alcoa.'" (August 6 Order at 6-7 (quoting Defendants' Memo. in Opposition to Motion for Sanctions at 14).)

Second, Plaintiffs argue that the delay in production must have been willful because Defendants (mistakenly) told Plaintiffs that they had produced the non-privileged, responsive documents. (Plaintiffs' Amended Notice at 29-38). But of course Defendants stated that they had complied with discovery obligations, because the delay in production was inadvertent and counsel was not intentionally withholding any discoverable documents.

Finally, Plaintiffs resort to the charge that "[i]t is simply not plausible that defense counsel" would inadvertently fail to produce the Site Assessment. (*Id.* at 40.) But of course it is

9

Henry, et al. v. St. Croix Alumina, LLC, et al., Civ. 1999/0036
Defendants' Response to Plaintiffs' Appeal of August 6 Order

plausible -- in fact, it is the ***only*** plausible explanation given that Defendants expressly, and repeatedly, told Plaintiffs of the existence of the document.[4]

In the end, Plaintiffs' claim that Magistrate Judge Cannon's ruling that Defendants' delay was inadvertent constitutes "clear error" cannot be reconciled with the facts. Defendants admittedly delayed production of the Site Assessment. As Mr. Ferron, former counsel for Defendants, attested in his affidavit, that delay was purely the result of inadvertence. Plaintiffs would have the Court find that Magistrate Judge Cannon committed clear error in declining to find willfulness -- and implicitly have the Court find that Mr. Ferron lied to the Magistrate -- based on nothing but insupportable and unwarranted accusations. Here, as Magistrate Judge Cannon found, the simplest explanation is the correct explanation: there was no willfulness on the part of Defendants in the delay in production of the Site Assessment. Accordingly, Magistrate Judge Cannon's finding should be affirmed and Plaintiffs' appeal rejected.

---

[4] Plaintiffs' reliance on *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524 (3d Cir. 2007), is misplaced. In *Bowers*, the Court of Appeals agreed that it was "inconceivable" that a plaintiff who spent two weeks in in-patient treatment for drug addiction just two weeks before answering interrogatories requesting the names of his physicians and just one month before his deposition, at which he pointedly withheld information about his treatment in response to direct questions, could not have recognized his obligation to disclose information regarding that treatment and the physicians who provided it. *Id.* at 538-40. Because the plaintiff died (of a drug overdose) before the defendants learned of his treatment for drug addiction, the Court of Appeals upheld the district court's imposition of a sanction precluding the plaintiff's estate from proffering evidence of drug addiction in support of its claims, as the defendants had no opportunity to question the plaintiff on that point, and thus the prejudice to the defendants could not be cured. *Id.* at 540. That situation contrasts sharply with the facts in the instant case, where not only did Defendants disclose the existence of the document at issue -- both by email and deposition testimony -- but, as Magistrate Judge Cannon found, whatever prejudice was done to Plaintiffs has already been cured. *Bowers* is simply inapposite, and its holding cannot be read to support a finding of clear error here. Moreover, Plaintiffs fail to inform the Court that in *Bowers*, the Court of Appeals actually reversed the district court's imposition of the bulk of the sanctions. *Id.* at 541-42.

Henry, et al. v. St. Croix Alumina, LLC, et al., Civ. 1999/0036
Defendants' Response to Plaintiffs' Appeal of August 6 Order

      2.      <u>Magistrate Judge Cannon Is Correct that Whatever Minimal Prejudice There Was to Plaintiffs Has Been Cured, and in Any Case Plaintiffs' Own Actions Should Leave Them Estopped from Claiming Any Prejudice.</u>

Magistrate Judge Cannon found "that Defendants' delinquency was not willful, and any prejudice rendered to Plaintiffs has been cured." (August 6 Order at 8.) The Magistrate reasoned that "[s]aid Site Assessment was provided to Plaintiffs, albeit belatedly, and any prejudice sustained is now cured. Furthermore, no trial date has been set, and Plaintiffs' arguments that this case is on the 'eve of trial' are unpersuasive." (*Id.*)

Plaintiffs complain of their supposed lack of access to information and data contained in the Site Assessment -- information and data regarding the pH *of groundwater* in the vicinity of the red mud pile. But of course if Plaintiffs were truly interested in the pH of the material carried to their property -- or even the pH of the actual red mud at the alumina refinery facility -- they have long had the means to access or develop such information. That they have chosen not to should tell the Court all it need know about Plaintiffs' cries of "prejudice."

It is important to remember that this case is not about material at the alumina refinery site *per se* -- it is about whatever material from that site made its way to the homes and property of Plaintiffs. The most relevant data would be that gleaned from testing samples of material found on the property of Plaintiffs that had been carried there by the hurricane. Unfortunately, Plaintiffs have destroyed, misplaced, or declined to make available any such samples.[5] So by their own doing Plaintiffs have failed to develop evidence of the pH of the actual material at issue -- that in their houses and on their property.

---

[5] As the Court is aware, Defendants filed a motion for sanctions for spoliation of this material on August 12, 2005, and Plaintiffs subsequently filed a cross-motion. Magistrate Judge Cannon denied both motions but did rule that "[e]ach party is entitled to, at trial, a jury instruction regarding the spoliation inference." (Order Regarding Motions for Sanctions for Spoliation of Evidence dated November 10, 2005 at 6.) Both parties have appealed this order to the Court.

11

Henry, et al. v. St. Croix Alumina, LLC, et al., Civ. 1999/0036
Defendants' Response to Plaintiffs' Appeal of August 6 Order

Further, between 2001 and 2003, Plaintiffs and their experts also collected samples from the red mud pile at the alumina refinery facility. For instance, Dr. Kleppinger, the purported expert on whom Plaintiffs have relied in their sanctions motion reply brief to assert the importance of groundwater data, visited the alumina refinery site in 2002 and had samples taken from the red mud pile. *See* Transcript of Deposition of Edward W. Kleppinger, 103:16-22 ("Kleppinger Deposition") (cited pages of which are attached as Exhibit H). While Defendants contend that red mud was not blown from the site during Hurricane Georges, Plaintiffs assert otherwise. However, in the several years since Dr. Kleppinger asked that those samples be taken, he has never asked for the results of any tests performed on those samples, *id.* at 105: 16-21, and he has "never heard anything about any alkalinity or pH numbers from that material." *Id.* at 104:13-14. Dr. Kleppinger's indifference to such supposedly crucial information speaks more authoritatively to the unimportance of this information than all of Plaintiffs' strident rhetoric combined.

Instead of testing or relying on the actual material they contend is at issue, in order to obtain an unwarranted advantage in this litigation Plaintiffs now suggest that groundwater data from three years before the hurricane are of the utmost importance in this litigation. In light of their failure to test the pH in the actual material, it is difficult to see the prejudice to Plaintiffs from not having these data from the Site Assessment.[6]

---

[6] The Court should also note that in 1992, the cooperative Extension Service of the University of the Virgin Islands tested the chemical properties of the red mud stored at the alumina refinery site and found pH levels of 10.43 and 10.27. *See* University of Virgin Islands Document Memorializing pH Findings (a copy of which is attached hereto as Exhibit I). Plaintiffs have long had possession of these data, and in fact Dr. Kleppinger himself has cited documents containing this information, belying his claim that these groundwater data have "for the first time" provided him pH data -- data, of course, regarding pH of a substance irrelevant to this litigation, groundwater. *See* Kleppinger Affidavit attached to Plaintiffs' Reply in Support of Motion for Sanctions, pg. 6 n.20; pg. 7, n.23 (citing Letter from W. Pedersen to G. Suarez, dated

<u>Henry, et al. v. St. Croix Alumina, LLC, et al.</u>, Civ. 1999/0036
Defendants' Response to Plaintiffs' Appeal of August 6 Order

The lack of prejudice is particularly apparent when one considers some of the actual "prejudice" Plaintiffs claimed to have suffered. For instance, in their Memorandum of Law in support of their Motion for Sanctions, Plaintiffs argued that "[t]he production of the 1995 Assessment so close to trial will force Plaintiffs' experts to review on an expedited basis not only the Assessment and the hundreds of pages of accompanying data to determine its significance, but also their own reports and deposition testimony." (Plaintiffs' Memo. of Law at 21.) Of course, Plaintiffs' protestation last year that the Site Assessment was produced "so close to trial" was somewhat misleading, as there is no trial date in this matter. Further, Plaintiffs' experts have had enough time to conduct something more than an "expedited review" in the fifteen months since the Site Assessment was produced, leaving this claim of prejudice lacking.

Magistrate Judge Cannon's finding that any minimal prejudice to Plaintiffs has been cured is also fatal to their argument that sanctions are mandatory under Rule 37(c)(1). (*See* Plaintiffs Amended Notice at 45-47, 52.) Because Plaintiffs have not been prejudiced, Defendants' delayed production was harmless and no sanction is necessary. *See Capital Funding, VI, LP v. Chase Manhattan Bank USA*, 191 Fed. Appx. 92, 96 (3d Cir. 2006) (where the moving party could not show it was "prejudiced" by nondisclosure required by Rule 26, the failure to disclose was harmless and did not warrant sanctions under Rule 37(c)(1)).

Likewise, because Magistrate Judge Cannon was demonstrably correct in his determinations that Defendants did not willfully delay production of the Site Assessment and that no lasting prejudice has been done to Plaintiffs, Plaintiffs' argument (*see* Plaintiffs' Amended Notice at 50-51) -- based on their refuted claims of willfulness and prejudice -- that their proposed sanctions would not be unduly burdensome is without any support.

---

August 2, 1994 (discussing UVI-generated pH data at Bates number EAEng-00001311) (a copy of which is attached as Exhibit J)).

13

Case: 1:99-cv-00036-HB   Document #: 1183   Filed: 12/14/07   Page 14 of 19

Henry, et al. v. St. Croix Alumina, LLC, et al., Civ. 1999/0036
Defendants' Response to Plaintiffs' Appeal of August 6 Order

       3.       <u>Magistrate Judge Cannon Applied the Correct Legal Standard in Rejecting Plaintiffs' Proposed Sanction of Deemed Admission.</u>

In their Memorandum of Law in support of their Motion for Sanctions, Plaintiffs requested that "the [Site] Assessment and supporting data be deemed admissions by all Defendants."[7] (Plaintiffs' Memo. of Law at 21.) Magistrate Judge Cannon correctly analyzed the proposed imposition of this sanction under the framework provided by *Meyers v. Pennypack Woods Home Ownership Association*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds*, *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985), *aff'd*, 482 U.S. 656 (1987). (*See* August 6 Order at 8-9.)

Under *Meyers*, in crafting sanctions a district court must weigh (1) the prejudice or surprise caused by the allegedly sanctionable conduct to the party moving for sanctions, (2) the ability to cure the prejudice, (3) the extent to which a refusal to sanction would disrupt the litigation, and (4) the bad faith or willfulness of the non-movant. *Id*; *see also Spear v. Commissioner of the Internal Revenue Serv.*, 41 F.3d 103, 110 (3d Cir. 1994) (*Meyers* factors to be applied where sanction less than dismissal or default considered). Magistrate Judge Cannon properly weighed these factors, including the fact that by his own finding, Defendants' delay in production of the Site Assessment was not willful.

After correctly citing *Spear* as the controlling law, Plaintiffs misstate the balancing test put forth in *Meyers* and reiterated in *Spear*.[8] (*See* Plaintiffs' Amended Notice at 49-50.)

---

[7] It is unclear what such a "deemed admission" would actually admit. Would it be an admission of the pH of the groundwater at the alumina refinery site in 1995? It certainly could not be an admission regarding the composition or properties of material carried to Plaintiffs' property in 1998.

[8] This is hardly Plaintiffs' only misstatement of the holding of a case in their brief. For instance, in the August 6 Order, Magistrate Judge Cannon made the seemingly innocuous observation that "'[t]he purpose of sanctions is not to punish, but to induce a recalcitrant party to complete discovery.'" (August 6 Order at 7 (quoting *Damidaux v. Hess Oil Virgin Islands*

14

Case: 1:99-cv-00036-HB   Document #: 1183   Filed: 12/14/07   Page 15 of 19

Henry, et al. v. St. Croix Alumina, LLC, et al., Civ. 1999/0036
Defendants' Response to Plaintiffs' Appeal of August 6 Order

Plaintiffs claim that "[e]ven if the finding that willfulness was lacking had record support, the Magistrate should not have considered it because deeming facts to be admitted in this case is not the equivalent of dismissal." (*Id.* at 50.) But as *Spear* indicates, a court should still consider the willfulness of a party in crafting appropriate sanctions, even where the sanction is something less than dismissal or default.  *Spear*, 41 F.3d at 111 (citing *Chilcutt v. United States*, 4 F.3d 1313, 1322 n.23 (5th Cir. 1993) ("while. . . willfulness was not required to impose a sanction of deeming facts proved. . . willfulness was relevant").  Plaintiffs are wrong about the law, and their arguments should be disregarded accordingly.  Moreover, the other factors support Magistrate Judge Cannon's ruling.  Magistrate Judge Cannon expressly found that there was minimal or no prejudice caused to Plaintiffs and that any prejudice was cured by allowing Plaintiffs' experts to incorporate the data in the Site Assessment into supplemental reports.

B.   **Plaintiffs' Notice of Appeal Violates Local Rule 7.0.1(c) and Should Be Struck.**

In this Court, "[n]o brief shall exceed twenty (20) pages without leave of Court."  LRCi 7.0.1(c).  Here, Plaintiffs' Notice of Appeal runs 56 pages -- almost three times the limit imposed

---

*Corp.*, 18 V.I. 303, 306) (D. V.I. 1981).)  Plaintiffs have attacked this view as "myopic" and argue that "[i]t appears that this incorrect legal standard may have influenced the Magistrate to minimize the severity of the misconduct at issue."  (Plaintiffs' Amended Notice at 53.)  Putting aside the fact that the Magistrate was not stating a "legal standard" in any meaningful sense, Magistrate Judge Cannon is correct that the overarching purpose of sanctions is to encourage compliance with discovery procedures.  Plaintiffs cite the right cases, but, again, misstate their holdings.  (*See id.* (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) (per curiam)).)  As the Supreme Court has stated, the ultimate purpose of sanctions is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."  *Nat'l Hockey League*, 427 U.S. at 643.  Contrary to Plaintiffs' suggestion, the Supreme Court here did not endorse the view that sanctions are fundamentally punitive in nature.  As the Supreme Court stated, one should not confuse the mechanism -- the penalty of sanctions -- with the purpose -- compliance with the rules of discovery.  Plaintiffs here have managed to exactly misunderstand the Supreme Court's point, as a result of which they incorrectly criticized Magistrate Judge Cannon's analysis in harsh terms.

Henry, et al. v. St. Croix Alumina, LLC, et al., Civ. 1999/0036
Defendants' Response to Plaintiffs' Appeal of August 6 Order

by the Court. Plaintiffs failed to seek leave to exceed the Court's page limitation. Plaintiffs' violation of the local rule justifies the Court's striking their brief in its entirety.[9] *See, e.g., Hutchins v. United Parcel Serv., Inc.*, 197 Fed. Appx. 152, 161 (3d Cir. 2006) (appellate court affirming district court's imposition of monetary sanctions on party for violation of page limitation found in local rules); *Anderson v. United States*, 39 Fed. Appx. 132 (6th Cir. 2002) (noting that district court struck plaintiff's motion to vacate on the ground that it exceeded local rule limiting briefs to twenty pages); *Westinghouse Elec. Corp. v. NLRB*, 809 F.2d 419, 425 (7th Cir. 1987) (Circuit Judge Easterbrook imposing $1,000 sanction on counsel for violating page limitation); *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 196 (1st Cir. 1996) (appellate court imposing sanction of double costs for party's effective violation of page limitation by single-spacing brief); *Watson v. Trevino*, 2007 U.S. Dist. LEXIS 10407, *1 (E.D. Mich. 2007) (district court striking plaintiff's brief for exceeding twenty-page limit imposed by local rule); *Forney v. TTX Co.*, 2006 U.S. Dist. LEXIS 42241, *2 (N.D. Ill. 2006) (district court striking plaintiff's brief in opposition to motion for summary judgment for violation of local rule regarding page limitation) (citing *Robinson v. SABIS Educ. Sys.*, 1999 U.S. Dist. LEXIS 9065, *18 (N.D. Ill. 1999)); *In re Sender*, 2005 U.S. Dist. LEXIS 35743 (D. Colo. 2005) (district court striking defendant's motion for summary judgment for violation of page limitation); *DeMarco v. Depotech Corp.*, 1999 U.S. Dist. LEXIS 15321 (S.D. Cal. 1999) (district court striking defendants' reply brief on the ground that excessive footnoting effectively violated page limitation).

---

[9] The Court has previously reminded the parties to this action of its intention to enforce the local rules regarding motion practice. In its Order Granting Defendants' Motion to Sequence *Daubert* and Dispositive Motions, the Court stated in a footnote: "Plaintiffs filed a surreply, without even applying for leave of court, in violation of LRCi 7.1(g). While said rule subjects counsel to sanctions for violation thereof, the Court declines to impose sanctions at this time. However, all counsel are put on notice that any violations in the future shall be sanctioned."

Case: 1:99-cv-00036-HB   Document #: 1183   Filed: 12/14/07   Page 17 of 19

Henry, et al. v. St. Croix Alumina, LLC, et al., Civ. 1999/0036
Defendants' Response to Plaintiffs' Appeal of August 6 Order

## V. CONCLUSION

For the foregoing reasons, Defendants Alcoa Inc. and St. Croix Alumina, LLC respectfully request that the Court deny Plaintiffs' appeal of Magistrate Judge Cannon's August 6 Order, grant Defendants' appeal of the August 6 Order, and grant such other relief as the Court deems appropriate.

Dated: December 14, 2007

Respectfully submitted,

THE LAW OFFICES OF BERNARD C. PATTIE, PC

s/Bernard C. Pattie
Bernard C. Pattie
1244 Queen Cross Street, Suite 5
Christiansted, VI 00820
(340) 692-1171 *phone*
(340) 692-7719 *fax*
boinie@compuserve.com
paralegal.bcppc@vipowernet.net
V.I. Bar No. 262

HUNTON & WILLIAMS LLP
Lori Elliott Jarvis*
Patricia Sulzbach*
*Admitted *Pro Hac Vice*
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, VA 23235
(804) 788-8200 *phone*
(804) 788-8214 *fax*

GIBSON, DUNN & CRUTCHER LLP
Christopher H. Buckley, Jr.*
Daniel W. Nelson*
*Admitted *Pro Hac Vice*
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

Counsel for Defendants
St. Croix Alumina, LLC and Alcoa Inc.

<u>Henry, et al. v. St. Croix Alumina, LLC, et al.</u>, Civ. 1999/0036
Defendants' Response to Plaintiffs' Appeal of August 6 Order

### <u>CERTIFICATE OF SERVICE</u>

  **I HEREBY CERTIFY** that on this 14th day of December, 2007, I electronically filed the foregoing DEFENDANTS ST. CROIX ALUMINA, LLC AND ALCOA INC.'S RESPONSE TO PLAINTIFFS' APPEAL OF AUGUST 6 ORDER with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Lee J. Rohn, Esq.
    Law Offices of Lee J. Rohn
    1101 King Street, Suite 2
    Christiansted, St. Croix VI  00820
    lee@rohnlaw.com
    info@rohnlaw.com

    Gordon C. Rhea, Esq.
    Richardson, Patrick, Westbrook & Brickman, LLC
    P.O. Box 3111
    17 Church Street, Suite 205
    St. Croix, VI  00822
    grhea@rpwb.com
    gordonrhea@hotmail.com
    tbehr@rpwb.com

    Scott Summy, Esq.
    Renee Melancon, Esq.
    Laura Baughman, Esq.
    Ellen Presby, Esq.
    Baron & Budd, P.C.
    3102 Oak Lawn Avenue, Suite 1100
    Dallas, TX  75219
    ssummy@baronbudd.com
    lbaughman@baronbudd.com
    awilson@baronbudd.com
    emcintosh@baronbudd.com


    René P. Tatro, Esq.*
    Juliet Markowitz, Esq.*
    *Admitted *Pro Hac Vice*
    Tatro Tekosky Sadwick LLP
    333 South Grand Ave., Suite 4270
    Los Angeles, California  90071
    renetatro@ttsmlaw.com
    jmarkowitz@ttsmlaw.com

<u>Henry, et al. v. St. Croix Alumina, LLC, et al.</u>, Civ. 1999/0036
Defendants' Response to Plaintiffs' Appeal of August 6 Order

        Derek M. Hodge, Esq.
        MacKay & Hodge, LLC
        19A-20 Kongens Gade
        St. Thomas, VI  00803
        <u>derek@mackayhodge.com</u>
        <u>val@mackayhodge.com</u>

        <u>s/Bernard C. Pattie</u>

68897.000024 RICHMOND 2173726v12