IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| JOSEPHAT HENRY resident of Harvey, KAY WILLIAMS resident of Harvey, SYLVIA BROWNE resident of Clifton Hill, MAUDE DREW resident of Estate Barren Spot, MARTHA ACOSTA resident of Estate Profit, WILHELMINA GLASGOW as an individual And mother and next friend of SAMANTHA VIERA, a minor, both residents of Estate Profit, MERCEDES ROSA resident of Estate Profit, GEORGE RODRIGUEZ as an individual and as father and next friend of AMANDO and GEORGE E. RODRIGUEZ, minors, all residents of Estate Profit, SONYA CIRILO resident of Estate Profit, RAQUEL TAVAREZ resident of Estate Profit, NEFTALI CAMACHO, as an Individual and as father and next friend of ANGEL JAVIER CAMACHO, a minor, both residents of Estate Profit, EYAJIE MALAYKHAN resident of Estate Profit, CHEDDIE KELSHALL resident of Estate Profit and other persons too numerous to mention, A CLASS ACTION,<br><br>Plaintiffs,<br><br>v.<br><br>ST. CROIX ALUMINA, LLC, ALCOA, INC., and GLENCORE, LTD, f/k/a CLARENDON, LTD.,<br><br>Defendants. | CIVIL NO. 1999/0036<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

### **MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR NOTICE TO CLASS OF DECERTIFICATION OF RULE 23(b)(3) CLASS AND CERTIFICATION OF NEW RULE 23(b)(2) CLASS**

This Memorandum is filed contemporaneously with Plaintiffs' Consent Motion for Notice to Class of Decertification of Rule 23(b)(3) Class and Certification of New

Rule 23(b)(2) Class and in support of that Motion the Plaintiffs respectfully show as follows:

1. On June 3, 2008, this Court issued an Order:

    a) decertifying the class previously certified in this action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure; and

    b) certifying a new class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

2. In order to protect class members and to ensure fair conduct of a class action, this Court can exercise its general discretion to advise Rule 23(b)(3) class members of the status of litigation. See Fed. R. Civ. P. 23(d)(1)(B).

3. Courts have held that a district court should promptly notify class members of decertification because without such notice, class members' claims could be barred by the applicable statute of limitations without the class members' knowledge. See Birmingham Steel Corp. v. Tenn. Valley Auth., 353 F.3d 1331, 1339 (11th Cir. 2003); Culver v. City of Milwaukee, 277 F.3d 908, 914 (7th Cir. 2002); Steinberg v. Sorensen, 2008 WL 928121, *5 (D. N.J. 2008).

4. The members of the recently decertified class should be apprised of the Court's decertification decision as it relates to the statute of limitations for their claims and the remedies still available to them, should they wish to pursue any claims.

5. Having certified a new class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, this Court also maintains discretion to direct appropriate notice to that class of any and all important information related to the litigation of the class's claims. See Fed. R. Civ. P. 23(c)(2)(A).

6. Potential members of the newly certified class in this case should be given appropriate notice of the certification of the class.

7. Pursuant to the Court's powers set forth above and in order to provide appropriate notice of the Court's June 3, 2008 Order, Plaintiffs, with the consent of the Defendants, submit the proposed Notice of Class Decertification of Damages Class and Certification of Injunctive Relief Class, attached as Exhibit A to the Consent Motion for Notice to Class of Decertification of Rule 23(b)(3) Class and Certification of New Rule 23(b)(2) Class.

WHEREFORE, Plaintiffs, with the consent of Defendants, respectfully request that this Court approve the issuance of notice in the form and manner requested by the simultaneously submitted Consent Motion with attached proposed Notice.

Dated: August 12, 2008

By:    /S/ Lee J. Rohn, Esq.

ROHN & CAMERON, LLC
1101 King Street
Christiansted, St. Croix
U.S. Virgin Islands 00820