IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| JOSEPHAT HENRY resident of Harvey, KAY WILLIAMS resident of Harvey, SYLVIA BROWNE resident of Clifton Hill, MAUDE DREW resident of Estate Barren Spot, MARTHA ACOSTA resident of Estate Profit, WILHELMINA GLASGOW as an individual and mother and next friend of SAMANTHA VIERA, a minor, both residents of Estate Profit, MERCEDES ROSA resident of Estate Profit, GEORGE RODRIGUEZ as an individual and as father and next friend of AMANDO and GEORGE E. RODRIGUEZ, Minors, all residents of Estate Profit, SONYA CIRILO resident of Estate Profit, RAQUEL TAVAREZ, resident of Estate Profit, NEFTALI CAMACHO, as an individual and as father and next friend of ANGEL JAVIER CAMACHO, a minor, both residents of Estate Profit, EYAJIE MALAYKHAN resident of Estate Profit, CHEDDIE KELSHALL resident of Estate Profit and other persons too numerous to mention, A CLASS ACTION,<br><br>    Plaintiffs,<br><br>  v.<br><br>ST. CROIX ALUMINA, LLC, ALCOA INC., and GLENCORE, LTD, f/k/a CLARENDON, LTD.,<br><br>    Defendants. | CIVIL NO. 1999/0036 |

**ALCOA INC. AND ST. CROIX ALUMINA, LLC'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON <u>PLAINTIFFS' CLASS CLAIM FOR INJUNCTIVE RELIEF</u>**

In support of their motion for summary judgment on Plaintiffs' class claim for injunctive relief, Defendants Alcoa Inc. ("Alcoa") and St. Croix Alumina, LLC ("SCA") (collectively, "Defendants"), identify the following undisputed facts:

A.     **THE PARTIES AND THE HISTORY OF THE FACILITY**

1.     In the mid-1960s an entity then known as Harvey Aluminum, Inc. ("Harvey Aluminum") began operation of an alumina refinery on St. Croix.  *See* Declaration of Eric Black, ¶ 3, attached to Defendants' Memorandum of Law in support of its Motion for Summary Judgment on Plaintiffs' Class Claim for Injunctive Relief ("Defendants' Memorandum") as Exhibit A.

2.     Harvey Aluminum and its successor in interest Martin Marietta operated the facility until 1985.  *See id.*, ¶ 3.  In 1989, Martin Marietta sold the facility to the Virgin Islands Alumina Company ("Vialco").  *See id.*

3.     In 1995, Vialco sold the facility to SCA, an indirect, partially-owned subsidiary of Alcoa.  *See id*, ¶ 4.  SCA operated the facility from 1998 to 2001.  *See id.*

4.     While the facility was in operation, bauxite, a naturally occurring ore rich in aluminum oxide from which alumina is extracted via the Bayer process, was stored in a large, A-frame steel structure.  *See Henry v. St. Croix Alumina, LLC*, 2009 U.S. Dist. LEXIS 31352, *5 (D.V.I. 2009).[1]

5.     A by-product of the Bayer process is bauxite residue, also known as "red mud."  *See* Black Dec., ¶ 6.  The red mud was disposed of on-site.  *See id*.  Beginning in the 1970s (during Martin Marietta's ownership and operation of the facility), the "dry-stacking" method of bauxite residue disposal was used at the St. Croix facility.  *See id.*.

6.     At the St. Croix facility, the red mud was mixed with seawater and deposited in cells, where it would dry to a firm, clay soil consistency.  *See id.*.  The dry-stacking method was

---

[1] In its memorandum opinion granting Defendants' *Daubert* motions, the Court included findings of "facts [that] are not in dispute." *Henry*, 2009 U.S. Dist. LEXIS 31352 at *4-5.  As these factual findings are undisputed, Defendants have relied on them here.

used throughout all periods of operation of the facility through 2001. *See id*. The dry-stack bauxite residue disposal area is commonly referred to as the "red mud pile." *See id*.

**B.     EVENTS DURING HURRICANE GEORGES**

7.     On September 21, 1998, Hurricane Georges struck St. Croix. *See Henry*, 2009 U.S. Dist. LEXIS 31352 at *5.

8.     Plaintiffs in the instant litigation claim that "red dust" was blown from the alumina refinery into the surrounding neighborhoods during Hurricane Georges. (*See* Third Am. Compl., ¶ 24.)

**C.     SCA'S SALE OF THE FACILITY**

9.     In 2002, SCA sold the facility to a consortium that, following the sale, would immediately assign its interests to St. Croix Renaissance Group, L.L.L.P. ("SCRG"). *See* Black Dec., ¶ 7. SCRG is not in the alumina or aluminum business. *See id*., ¶ 8. The facility has not been operated as an alumina refinery since prior to SCA's sale of the facility in 2002. *See id.*

10.     Prior to the 2002 sale of the alumina refinery property, the parties to the agreement engaged in an extensive due diligence process. *See* Purchase and Sale Agreement at 13, attached to Defendants' Memorandum as Exhibit C ("Seller has made available to Purchaser copies of the Environmental Due Diligence Assessment for St. Croix Alumina, St. Croix, U.S. Virgin Islands.").

11.     Under the terms of the Purchase and Sale Agreement entered into on March 22, 2002, SCRG's predecessors in interest expressly assumed liability arising from the red mud pile. *See id*. at 9 ("Except for the Seller's Retained Liabilities, Purchaser shall also indemnify, defend and hold harmless Seller and the Seller Indemnitees from any and all Damages arising out of or

related to:. . . (iv) claims regarding the discharge, disposal or release of bauxite, bauxite residue or red mud.").

12. In Spring 2002, due to heavy rains red mud was released from the red mud pile into a ditch on the alumina refinery property's western border, and some of that red mud migrated to the mangrove and beach area. *See* Black Dec., ¶ 9. This release did not involve any airborne dispersion caused by wind. *See id*.

13. After that release the parties to the Purchase and Sale Agreement amended the Agreement. *See* June 13, 2002 Amendment, attached to Defendants' Memorandum as Exhibit D.

14. As part of the Amendment the parties clarified that responsibility for any remediation of the bauxite residue disposal area would remain with the purchasers: "The Purchaser shall be responsible for all liability associated with contouring or vegetation of the bauxite residue disposal areas or other work in the bauxite residue disposal areas." *Id*. at 2.

15. The Amendment further provided that SCA would retain liability for the clean-up of the red mud released into the wetlands in Spring 2002. *See id*. at 1.

### D. DPNR ACTIONS AND DPNR'S INVOLVEMENT IN SITE CLOSURE AND/OR REMEDIATION

16. In May 2005, the Virgin Islands Department of Planning and Natural Resources ("DPNR") filed an action against Century Alumina Company; Vialco; SCA; Lockheed Martin Corporation; Alcoa World Alumina, LLC; HOVENSA, LLC; Hess Oil Virgin Islands Corporation; and SCRG, bringing claims under the Comprehensive Environmental Response, Contamination, and Liability Act ("CERCLA"), the Virgin Islands Oil Spill Prevention and Pollution Control Act, the Territorial Water Pollution Control Act, and several common law theories, including public nuisance. *See* Complaint filed in *Comm'r of the Dep't of Planning and*

*Natural Resources v. Century Alumina Co., et al.*, Civil No. 2005/0062, in the District Court of the District of the Virgin Islands, Division of St. Croix, attached to Defendants' Memorandum as Exhibit G.

17. On December 1, 2006, DPNR filed an action against SCA in the Virgin Islands Superior Court seeking the imposition of civil penalties and an award of exemplary damages for SCA's alleged violation of a Coastal Zone Management ("CZM") permit in the course of its response to the April 2002 red mud release. *See* Complaint filed in *Comm'r of the Dep't of Planning and Natural Resources v. St. Croix Alumina, LLC*, Civil No. 2006/730, in the Superior Court of the Virgin Islands ("First Enforcement Action"), attached to Defendants' Memorandum as Exhibit E.

18. On December 21, 2006, DPNR filed an action against SCA, Vialco and SCRG, seeking civil penalties, exemplary damages, and injunctive relief in the form of a "cap, erosion control, and drainage control systems" for the alumina refinery site. *See* Complaint filed in *Comm'r of the Dep't of Planning and Natural Resources v. Virgin Islands Alumina Co., et al.*, Civil No. 2006/772, in the Superior Court of the Virgin Islands ("Second Enforcement Action"), at pg. 13, attached to Defendants' Memorandum as Exhibit F.

19. Some of the parties to the Second Enforcement Action have been involved in comprehensive discussions regarding the appropriate closure and/or remediation plan for the St. Croix alumina refinery site. *See* Declaration of Kirk J. Gribben, ¶ 11, attached to Defendants' Memorandum as Exhibit H.

20. All proposals put forward to date by the parties to those discussions would address both stormwater run-off and erosion issues and any potential for fugitive dust emissions from the dry-stack bauxite residue disposal area. *See id*, ¶ 12.

Dated: May 15, 2009                              Respectfully submitted,

THE LAW OFFICES OF BERNARD C. PATTIE, PC
s/Bernard C. Pattie
Bernard C. Pattie
1244 Queen Cross Street, Suite 5
Christiansted, VI 00820
 (340) 692-1171 *phone*
 (340) 692-7719 *fax*
boinie@compuserve.com
paralegal.bcppc@vipowernet.net
V.I. Bar No. 262
HUNTON & WILLIAMS LLP
David Craig Landin*
Lori Elliott Jarvis*
*Admitted *Pro Hac Vice*
951 E. Byrd Street
Richmond, VA 23235
(804) 788-8200 *phone*
(804) 788-8214 *fax*

GIBSON, DUNN & CRUTCHER LLP
Daniel W. Nelson*
*Admitted *Pro Hac Vice*
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

***Counsel for Defendants***
***St. Croix Alumina, LLC and Alcoa Inc.***

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of May, 2009, I electronically filed the foregoing **Statement of Undisputed Facts in Support of Motion for Summary Judgment on Plaintiffs' Class Claim for Injunctive Relief** with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Lee J. Rohn, Esq.
> Law Offices of Lee J. Rohn
> 1101 King Street, Suite 2
> Christiansted, St. Croix VI 00820
> lee@rohnlaw.com
>
> Gordon C. Rhea, Esq.
> Richardson, Patrick, Westbrook & Brickman, LLC
> P.O. Box 3111
> 17 Church Street, Suite 205
> St. Croix, VI 00822
> grhea@rpwb.com
>
> Scott Summy, Esq.
> Renee Melancon, Esq.
> Laura Baughman, Esq.
> Ellen Presby, Esq.
> Baron & Budd, P.C.
> 3102 Oak Lawn Avenue, Suite 1100
> Dallas, TX 75219
> ssummy@baronbudd.com

> s/Bernard C. Pattie
> 1244 Queen Cross Street, Suite 5
> Christiansted, VI 00820
> (340) 692-1171 *phone*
> (340) 692-7719 *fax*
> boinie@compuserve.com
> paralegal.bcppc@vipowernet.net
> V.I. Bar No. 262