IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| JOSEPHAT HENRY, resident of Harvey,<br>KAY WILLIAMS, resident of Harvey,<br>SYLVIA BROWNE, resident of Clifton Hill,<br>MAUDE DREW, resident of Estate Barren Spot,<br>MARTHA ACOSTA, resident of Estate Profit,<br>JOSE BERRIOS, resident of Estate Profit,<br>WILHELMINA GLASGOW, as an individual and as<br>mother and next friend of SAMANTHA VIERA, a Minor,<br>both residents of Estate LaReine,<br>MERCEDES ROSA, resident of Estate Profit,<br>JULIAN ST. BRICE, resident of Clifton Hill,<br>GEORGE RODRIGUEZ, as an individual and as father<br>and next friend of AMANDO and GEORGE E.<br>RODRIGUEZ, Minors, all residents of Estate Profit,<br>SONYA CIRILO, resident of Estate Profit,<br>RAQUEL TAVAREZ, resident of Estate Profit,<br>NEFTALI, as an individual and as father and next friend<br>of ANGEL JAVIER CAMACHO, a Minor, both residents<br>of Estate Profit,<br>CHEDDIE KELSHALL, resident of Estate Profit,<br>and other persons too numerous to mention,<br>A CLASS ACTION,<br><br>Plaintiffs,<br><br>v.<br><br>ST. CROIX ALUMINA, LLC, ALCOA INC., and<br>GLENCORE LTD., f/k/a CLARENDON LTD.,<br><br>Defendants. | CIVIL NO. 1999/0036 |

### GLENCORE LTD.'S MOTION FOR SUMMARY JUDGMENT ON CLASS CLAIM FOR INJUNCTIVE RELIEF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

To the extent Plaintiffs' class claim for injunctive relief as stated in the Court's June 3, 2008 Order certifying a class under Federal Rule of Civil Procedure 23(b)(2) and corresponding Memorandum ("Class Mem.," Doc. 1255) is asserted against defendant Glencore Ltd.

Henry, et al. v. St. Croix Alumina, LLC, et al., C.A. No. 1999/0036
Glencore Ltd.'s Motion for Summary Judgment on Plaintiffs' Class
Claim for Injunctive Relief and Memorandum of Points and Authorities
Page 2

("Glencore"), Glencore will and hereby does move for an order granting summary judgment on such claim.

Glencore does not understand the class claim for injunctive relief to be asserted against it, since the Court has already granted summary judgment in Glencore's favor on all of plaintiffs' nuisance claims. Glencore attempted to clarify this issue with plaintiffs, but plaintiffs refused to respond to its request for clarification. Accordingly, Glencore files this motion out of an abundance of caution.

More specifically, Glencore previously moved for (and received, in part) summary judgment on the grounds, *inter alia*, that it never owned or operated the alumina refinery, and that any liability of its former thrice-removed indirect subsidiary, Virgin Islands Alumina Company ("Vialco") – which sold the refinery to defendant St. Croix Alumina LLC ("SCA") in 1995, more than three years before Hurricane Georges – cannot be imposed on Glencore. By Order and Memorandum Opinion dated August 10, 2007 ("SJ Order," Doc. 1125), the Court "*grant[ed] summary judgment in favor of Glencore based on any claims of nuisance.*" (Doc. 1125, SJ Order, emphasis added).

On June 3, 2008, the Court certified a class of persons seeking the remedy of an injunction in connection with a claim of nuisance. That is, the Court held:

> [T]he alleged nuisance stemming from the storage of possibly toxic materials at the refinery can likely be abated with respect to all plaintiffs without separate determinations of individual liability, causation or damages. A claim seeking such relief is cohesive and can be the subject of a maintainable action under Rule 23(b)(2).

(Doc. 1255, Class Mem. at 23). However, because there no longer are any nuisance claims pending in this action against Glencore following the Court's summary judgment ruling, Glencore understands that the class is not seeking injunctive relief against Glencore.

2

Case: 1:99-cv-00036-HB   Document #: 1311   Filed: 05/15/09   Page 3 of 6

Henry, et al. v. St. Croix Alumina, LLC, et al., C.A. No. 1999/0036
Glencore Ltd.'s Motion for Summary Judgment on Plaintiffs' Class
Claim for Injunctive Relief and Memorandum of Points and Authorities
Page 3

To the extent Glencore's understanding is incorrect (*i.e.*, to the extent plaintiffs have a claim against Glencore for injunctive relief), this motion is made pursuant to Federal Rule of Civil Procedure 56 on the grounds that there is no triable issue of fact and that Glencore is entitled to judgment as a matter of law for the reasons below (many of which have already been accepted by this Court previously in granting Glencore's summary judgment motion) and for the reasons set forth in the motion for summary judgment filed herewith by co-defendants SCA and Alcoa Inc. ("Alcoa") in which Glencore joins and which is incorporated herein by reference, specifically:

1. Glencore has never owned or operated the alumina refinery property, as this Court has already held and as is the law of the case. (SJ Order, Doc. 1125 at 11). Glencore, accordingly, cannot be ordered to remove red mud piles on property that it does not and has never owned or controlled.

2. Moreover, Glencore's former thrice-removed indirect subsidiary, Vialco, has not owned the property since 1995, more than three years before Hurricane Georges. The Court also granted summary adjudication in favor of Glencore on plaintiffs' claim that Glencore is the alter ego or agent of Vialco, *i.e.*, on plaintiffs' claim that they can pierce the corporate veil to hold Glencore derivatively liable for Vialco's alleged wrongdoing. (SJ Order, Doc. 1125 at 15-19). Accordingly, even if such claim could be asserted against Vialco as a former owner and operator of the refinery, it cannot be asserted against Glencore.

3. Moreover, because as a matter of law the current owner has had more than sufficient time to abate the alleged continuing nuisance, Glencore cannot be held liable for the alleged continuing nuisance. (Vialco sold the refinery to SCA in 1995; SCA sold the refinery in 2002 to a consortium that assigned its St. Croix Renaissance Group, L.L.L.P.) Therefore,

Henry, et al. v. St. Croix Alumina, LLC, et al., C.A. No. 1999/0036
Glencore Ltd.'s Motion for Summary Judgment on Plaintiffs' Class
Claim for Injunctive Relief and Memorandum of Points and Authorities
Page 4

Plaintiffs are not entitled to injunctive relief requiring Glencore to enter the property to abate the alleged continuing nuisance.

4. Plaintiffs have failed to develop admissible expert evidence regarding (a) the existence of a continuing nuisance and (b) what might constitute an appropriate plan for abatement of that continuing nuisance. Because Plaintiffs cannot meet their burden of proof without expert testimony on both these issues, their claim for injunctive relief fails as a matter of law.

5. The claim for injunctive relief implicates technical and policy considerations particularly within the expertise of the Virgin Islands Department of Planning and Natural Resources ("DPNR"). DPNR is already involved in the preparation, negotiation and implementation of a closure/remediation plan at the site that would conflict with Plaintiffs' requested injunctive relief. Accordingly, the Court should abstain under the primary jurisdiction doctrine and dismiss Plaintiffs' class claim for injunctive relief.

The grounds for summary judgment are set out more fully in the Memorandum of Law filed by Alcoa and SCA, in which Glencore joins, and which is incorporated herein by reference.

WHEREFORE, Glencore respectfully requests that the Court confirm that the 23(b)(2) Class Plaintiffs' claim for injunctive relief is not (or cannot be) asserted as against Glencore or, in the alternative, enter summary judgment in Glencore's favor on such claim, and grant Glencore such other relief as the Court deems appropriate.

Dated: May 15, 2009                                Respectfully submitted,

                                                   MACKAY & HODGE, LLC

                                                   s/Derek M. Hodge
                                                   Derek M. Hodge, Esq.
                                                   P.O. Box 303678

Henry, et al. v. St. Croix Alumina, LLC, et al., C.A. No. 1999/0036
Glencore Ltd.'s Motion for Summary Judgment on Plaintiffs' Class
Claim for Injunctive Relief and Memorandum of Points and Authorities
Page 5

        19A-20 Kongens Gade
        St. Thomas, VI  00803
        (340) 774-3971 *phone*
        (305) 418-7505 *fax*
        derek@mackayhodge.com

        TATRO TEKOSKY SADWICK LLP
        René P. Tatro*
        Juliet A. Markowitz*
        *Admitted *Pro Hac Vice*
        333 South Grand Ave., Suite 4270
        Los Angeles, California  90071
        (213) 225-7171 *phone*
        (213) 225-7151 *fax*

        ***Counsel for Defendant Glencore Ltd.***

Henry, et al. v. St. Croix Alumina, LLC, et al., C.A. No. 1999/0036
Glencore Ltd.'s Motion for Summary Judgment on Plaintiffs' Class
Claim for Injunctive Relief and Memorandum of Points and Authorities
Page 6

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2009, I electronically filed

## GLENCORE LTD.'S MOTION FOR SUMMARY JUDGMENT ON CLASS CLAIM FOR INJUNCTIVE RELIEF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

| | |
|---|---|
| Derek M. Hodge, Esq.<br>Mackay & Hodge LLC<br>19A-20 Kongens Gade<br>P.O. Box 303678<br>St. Thomas, U.S. Virgin Islands  00802<br>derek@mackayhodge.com | Bernard Pattie, Esq.<br>Law Offices of Bernard C. Pattie, PC<br>1244 Queen Cross Street, Suite 5<br>Christiansted, St. Croix<br>U.S. Virgin Islands 00820-4932<br>boinie@compuserve.com |
| Lee J. Rohn, Esq.<br>Law offices of Lee J. Rohn, Esq.<br>1101 King Street, Suite 2<br>Christiansted, St. Croix<br>U.S. Virgin Islands 00820-4933<br>lee@rohnlaw.com | Gordon Rhea, Esq.<br>Richardson, Patrick Westbrook & Brickman, LLC<br>1037 Chuck Dawley Blvd., Bldg. A<br>Mt. Pleasant, SC  29464<br>grhea@rpwb.com; gordonrhea@hotmail.com |
| Laura Baughman, Esq.<br>Baron & Budd, P.C.<br>3102 Oak Lawn Avenue, Suite 1100<br>Dallas, TX 75219-4281<br>lbaughman@baronbudd.com | Lori E. Jarvis, Esquire<br>Hunton & Williams<br>River Front Plaza, East Tower<br>951 East Byrd Street<br>Richmond, VA  23219<br>ljarvis@hunton.com |

s/*Vivian Urquidi*
Vivian Urquidi