# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| JOSEPHAT HENRY resident of Harvey, KAY WILLIAMS resident of Harvey, SYLVIA BROWNE resident of Clifton Hill, MAUDE DREW resident of Estate Barren Spot, MARTHA ACOSTA resident of Estate Profit, WILHELMINA GLASGOW as an individual and mother and next friend of SAMANTHA VIERA, a minor, both residents of Estate Profit, MERCEDES ROSA resident of Estate Profit, GEORGE RODRIGUEZ as an individual and as father and next friend of AMADO and GEORGE E. RODRIGUEZ, Minors, all residents of Estate Profit, SONYA CIRILO resident of Estate Profit, RAQUEL TAVAREZ, resident of Estate Profit, NEFTALI CAMACHO, as an individual and as father and next friend of ANGEL JAVIER CAMACHO, a minor, both residents of Estate Profit, EYAJIE MALAYKHAN resident of Estate Profit, CHEDDIE KELSHALL resident of Estate Profit and other persons too numerous to mention, A CLASS ACTION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    CIVIL NO. 1999/0036 |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ST. CROIX ALUMINA, LLC, ALCOA INC., and GLENCORE, LTD, f/k/a CLARENDON, LTD., | ) ) ) ) |
| Defendants. | ) ) ) |

Case: 1:99-cv-00036-HB   Document #: 1318   Filed: 07/22/09   Page 2 of 11

**Henry, et al. v. St. Croix Alumina, LLC, et al.,** CIVIL NO. 1999/0036
**PLS.' MOT. TO STRIKE EXHIBITS FILED IN SUPPORT OF DEFS.' MOT. FOR SUMM. J. BASED ON LACK OF NECESSARY EVIDENCE--** Page 2

### PLAINTIFFS' MOTION TO STRIKE EXHIBITS FILED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON PLAINTIFFS' LACK OF NECESSARY EVIDENCE

COME NOW Plaintiffs, Josephat Henry, Kay Williams, Sylvia Browne, Maud Drew, Martha Acosta, Wilhelmina Glasgow, as in individual and mother and next of friend of Samantha Viera, a minor, Mercedes Rosa, George Rodriguez as an individual and as father and next friend of Amado and George E. Rodriguez, minors, Sonya Cirilo, Raquel Tavarez, Neftali Camacho, as an individual and as father and next friend of Angel Javier Camacho, a minor, Eyajie Malaykhan, and Kelshall Cheddie, by and through their counsel of record, move this Court to strike exhibits filed in support of Defendants Alcoa Inc. ("Alcoa,"), St. Croix Alumina, LLC ("SCA") and Glencore Ltd. ("Glencore"), (collectively, "Defendants") Motion for Summary Judgment Based on Plaintiffs' Lack of Necessary Evidence (Doc. No. 1314).[1]

The grounds for striking the Exhibits are that none comply with the Federal Rules governing evidence proffered in support of summary judgment. This Motion is further supported by the following Memorandum of Law.

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE

Because Defendants seek disposition of Plaintiffs' claims without a trial, the Court should hold Defendants to absolute compliance with the rules for summary judgment. As the venerable Wright & Miller instruct,

---

[1] Defendants Alcoa, Inc. ("Alcoa"), St. Croix Alumina, LLC ("SCA"), and Glencore Ltd. ("Glencore") filed their joint Motion for Summary Judgment Based on Plaintiffs' Lack of Necessary Evidence (Doc. No. 1313) on May 22, 2009. For ease of reference, this motion will be referred to herein as the "Joint Motion."

Case: 1:99-cv-00036-HB Document #: 1318 Filed: 07/22/09 Page 3 of 11

Henry, et al. v. St. Croix Alumina, LLC, et al., CIVIL NO. 1999/0036
**PLS.' MOT. TO STRIKE EXHIBITS FILED IN SUPPORT OF DEFS.' MOT. FOR SUMM. J. BASED ON LACK OF NECESSARY EVIDENCE-- Page 3**

> Since the burden is on the party moving for summary judgment to demonstrate that there is no genuine issue of material fact, . . . the movant also must show that the content of his affidavits would be admissible at trial. Doubts as to the quality of the material often will be resolved against the movant. . . . The cases seem to indicate that judges will be quite demanding in their examination of the moving party's papers, but will treat the papers of the party opposing the motion indulgently. . . . This practice has two aspects. First, because the burden of proving that there is no genuine issue of material fact rests on the moving party, the opposing party is entitled to all of the favorable inferences that reasonably may be drawn from the papers before the court. . . . Second, the courts strictly scrutinize the papers of the moving party to assure compliance with the requirements of Rule 56(e) . . . .[2]

The full extent of relief Defendants request from this Court in their motion for summary judgment justifies the view that Defendants' failure to meet either the procedural or substantive requirements of the rules, which are in place to protect nonmovants' right to a jury trial, warrants denial of that motion. Defendants' summary judgment evidence does not meet the basic requirements that affidavits present otherwise admissible evidence by an affiant with personal knowledge of the facts stated therein. The Court should not deny Plaintiffs an opportunity to have their claims determined by a jury when Defendants fail to meet even the minimum requirements for their motion for summary judgment. Indeed, the Court has held Plaintiffs to the same standards for summary judgment evidence in the past.[3] Thus, the Court should strike the Declaration of Eric Black and the print-out of a portion of the Hess Corporation website (Exhibits A and B, respectively) from the summary judgment record.

---

[2] 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (3d ed. 2009).

[3] *See* Mem. Op., Aug. 10, 2007 (Doc. No. 1125) at 6-7 (striking affidavit on that basis), *citing* FRCP 56(e).

**Henry, et al. v. St. Croix Alumina, LLC, et al.,** CIVIL NO. 1999/0036
<u>PLS.' MOT. TO STRIKE EXHIBITS FILED IN SUPPORT OF DEFS.' MOT. FOR SUMM. J.
BASED ON LACK OF NECESSARY EVIDENCE--</u> **Page 4**

**I.     The Declaration of Eric W. Black (Ex. A) Does Not Meet the Requirements of Summary Judgment Evidence.**

    **A.     Relevant Legal Standards Governing Affidavits Filed in Support of a Motion for Summary Judgment**

Rule 56 (e)(1) states in relevant part that in order to be considered in a summary judgment proceeding, an affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."[4]  It has been recognized "that 'personal knowledge' includes inferences -- all knowledge is inferential -- and therefore opinions, . . . [b]ut **the inferences and opinions must be grounded in observation or other first-hand personal experience.**"[5]  Inferences and opinions in affidavits "must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience."[6]  "Unsubstantiated allegations carry no probative weight in summary judgment proceedings."[7]  "In addition, the affiant must ordinarily set forth facts, rather than opinions or conclusions."[8]  "An affidavit that is essentially conclusory and lacking in specific facts is inadequate to satisfy the movant's . . . burden."[9]

---

[4] FRCP 56 (e)(1);  *see also Maldonado v. Ramirez*, 757 F.2d 48, 50-51 (3d Cir. 1985), *citing Cummings v. Roberts*, 628 F.2d 1065, 1068 (8th Cir.1980); *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir.1980) (per curiam); *United States v. Alessi*, 599 F.2d 513, 514 (2d Cir.1979) (per curiam); 6 J. Lucas, Moore's Federal Practice & 56.22[1] at 56-1306 (2d ed. 1983).

[5] *Visser v. Packer Engineering Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991), *citing Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (7th Cir. 1989) (emphasis supplied).

[6] *Id.*, *citing Palucki v. Sears, Roebuck & Co.*,  879 F.2d at 1572; *Friedel v. City of Madison*, 832 F.2d 965, 970 (7th Cir. 1987).

[7] *Phillips v. Calhoun,* 956 F.2d 949, 951 (10th Cir. 1992) (citations omitted).

[8] *Maldonado*, 757 F.2d. at 51.

[9] *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002), *citing Maldonado* 757 F.2d, at 51 (internal quotation marks and citation omitted).  *See also* NLRB v. FES, 301 F.3d 83, 95 (3d Cir. 2002)

Case: 1:99-cv-00036-HB    Document #: 1318    Filed: 07/22/09    Page 5 of 11

Henry, et al. v. St. Croix Alumina, LLC, et al., CIVIL NO. 1999/0036
PLS.' MOT. TO STRIKE EXHIBITS FILED IN SUPPORT OF DEFS.' MOT. FOR SUMM. J.
BASED ON LACK OF NECESSARY EVIDENCE-- Page 5

**B.    Application of the governing standards to the declaration of Eric W. Black**

Defendants have proffered the Declaration of Eric W. Black as Exhibit A in support of the Joint Motion. *See* Doc. No. 1314-2. This Court has already plainly held that "**[i]t is a mandatory requirement that affidavits submitted in support of, or in opposition to, a motion for summary judgment be made on 'personal knowledge'**".[10]  **An "affidavit that do[es] not state that it was based on personal knowledge must be stricken."[11]  Nowhere in his Declaration does Mr. Black state that his statements are based on personal knowledge as the law requires and his entire Declaration should be stricken on that basis.**

Moreover, by his own admission, Mr. Black was employed at the refinery from 1995 though 2004, and he neither references nor attaches to his Declaration any documentation upon which he might have relied for knowledge of matters outside of those dates.[12]  "[W]itnesses who are not expert witnesses . . . are permitted to testify only from their personal knowledge.[13]  "Testimony about matters outside their personal

---

(reiterating that an "unsupported, conclusory assertion . . . is inadequate to satisfy the movant's burden of proof on summary judgment"); *Linder v. Inhalation Therapy Servs., Inc.*, 834 F.2d 306, 310 n. 7 (3d Cir. 1987) ("The district court correctly concluded that the affidavit was conclusory and should therefore be accorded no weight") both *citing* Maldonado, 757 F.2d, at 51.

[10] *See* Doc. No. 1125 at 6-7 (emphasis supplied) (striking affidavit on that basis), *citing* FRCP 56(e).

[11] *See id.* at 5, *citing Kern v. Tri-State Ins. Co.*, 386 F.2d 754, 756 (8th Cir. 1967) (emphasis added).

[12] *See* Doc. No. 1314-2 at ¶ 2; FRCP 56 (e)(1) ("If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached or served with the affidavit.").

[13] *Visser,* 924 F.2d at 659, *citing* Fed. R. Evid. 602; *U.S. v. Giovannetti*, 919 F.2d 1223, 1226 (7th Cir. 1990).

Case: 1:99-cv-00036-HB   Document #: 1318   Filed: 07/22/09   Page 6 of 11

**Henry, et al. v. St. Croix Alumina, LLC, et al.,** CIVIL NO. 1999/0036
**PLS.' MOT. TO STRIKE EXHIBITS FILED IN SUPPORT OF DEFS.' MOT. FOR SUMM. J. BASED ON LACK OF NECESSARY EVIDENCE-- Page 6**

knowledge is not admissible, and if not admissible at trial neither is it admissible in an affidavit used to support or resist the grant of summary judgment.[14]

Mr. Black's personal knowledge of the "history of the operation and ownership of the refinery" is limited to July 1995 through June 2004.[15] Further grounds for striking paragraph 8 are that Mr. Black has offered no foundation for his alleged knowledge of the business of SCRG.[16]

In paragraph 3 of his declaration, Mr. Black relates that he is "familiar with" events at the St. Croix refinery that predated his employment there, but he fails to recount any "observation or other first-hand personal experience" providing a foundation for his alleged familiarity.[17] He admits that his statements regarding shipments of bauxite that post-dated his employment at the St. Croix refinery are based on his mere "understanding" of such shipments but, again, provides no foundation for his alleged "understanding."[18] This Court recognizes that statements based on the affiant's "understanding" do not comply with Rule 56 (e).[19] Paragraphs 3 and 8 of the Black Declaration should be stricken from the record.

---

[14] Fed. R. Civ. P. 56(e).; *Visser*, 924 F.2d at 659, *citing* FRCP 56 (e).

[15] *See* Doc. No. 1314-2, at ¶ 2. Paragraphs 3, 5, 6, and 8 of Black's Declaration purporting to relate events outside that time period must be stricken; *see also* Doc. No. 1125 at 9, *citing Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 432 (D.N.J. 1999) (noting that "matters outside the personal knowledge of the affiant, are not 'competent' evidence'").

[16] *See* Doc. No. 1314-2 at ¶ 8.

[17] *Visser,* 924 F.2d at 659 (citation omitted); *see* Doc. No. 1314-2 at ¶ 3.

[18] *See* Doc. No. 1314-2 at ¶ 8.

[19] *See* Doc. No. 1125 at p. 9 (striking paragraphs of affidavit that were based on affiant's "understanding."); *see also Carey v. Beans*, 500 F. Supp. 580, 583 (E.D.Pa. 1980), *aff'd* 659 F.2d 1065 (3d Cir. 1981), *citing*

**Henry, et al. v. St. Croix Alumina, LLC, et al.,** CIVIL NO. 1999/0036
**PLS.' MOT. TO STRIKE EXHIBITS FILED IN SUPPORT OF DEFS.' MOT. FOR SUMM. J.
BASED ON LACK OF NECESSARY EVIDENCE-- Page 7**

Further, Alcoa admits that an extensive discharge of pollutants at the refinery in 2002 was so significant that the documents regarding the pending sale of the refinery were amended to address liability issues arising from the spill.[20] Alcoa also admits that the facts and circumstances, including without limitation, the legal liability for containing the piles of red mud that currently remain at the refinery, are all the subject of ongoing administrative and civil legal actions.[21] While Mr. Black, as Environmental Health and Safety Manager for St. Croix Alumina, LLC during the relevant years, might be expected to have some personal knowledge of the discharge, his conclusory statements regarding the cause of, the constituents of, and the extent of, the 2002 discharge are unsupported by any data or other details, and cannot be considered by this Court.[22] Finally, "conclusory legal assertions unsupported by any documentary evidence or any specific details . . ." constitute "unsubstantiated legal conclusion[s] . . ." that are "not sufficiently probative to entitle [movant] to summary judgment". *Operating Sys. Support v. Wang Labs.*, 52 Fed. Appx. 160, 166 (3d Cir. 2002) (opinion is denoted "unpublished"), *citing Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985). *See also Linder v. Inhalation Therapy Services,*

---

*Cermetek, Inc. v. Butler Avpak, Inc*., 573 F.2d 1370, 1377 (9th Cir. 1978) ("statements . . . made upon an 'understanding' are properly subject to a motion to strike.").

[20] Doc. No. 1310 (Alcoa Memo. in Supp. of Mot. for SJ), at p. 4 (e-filed p. 10 or 32) ; Doc. No. 1310-2 (Decl.), at ¶ 9.

[21] *See* Doc. No. 1310, at p. 5 (e-filed p.11 of 32); pp. 17-24 (e-filed pp. 23-30 of 32).

[22] *See NLRB v. FES*, 301 F.3d 83, 95 (3d Cir. 2002) ("unsupported, conclusory assertion . . . is inadequate to satisfy the movant's burden of proof on summary judgment"); *Linder v. Inhalation Therapy Services, Inc.*, 834 F.2d 306, 310 n. 7 (3d Cir. 1987) ("The district court correctly concluded that the affidavit was conclusory and should therefore be accorded no weight"), both *citing Maldonado*, 757 F.2d, at 51. "[A] party cannot rely upon self-serving conclusions, unsupported by specific facts in the record." *LaResca v. AT&T*, 161 F. Supp. 2d 323, 327 (D.N.J.2001) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)).

Case: 1:99-cv-00036-HB    Document #: 1318    Filed: 07/22/09    Page 8 of 11

**Henry, et al. v. St. Croix Alumina, LLC, et al.,** CIVIL NO. 1999/0036
**PLS.' MOT. TO STRIKE EXHIBITS FILED IN SUPPORT OF DEFS.' MOT. FOR SUMM. J. BASED ON LACK OF NECESSARY EVIDENCE-- Page 8**

*Inc.*, 834 F.2d 306, 310 n. 7 (3d Cir. 1987) (affidavit purporting to interpret a legal document properly deemed conclusory and "accorded no weight").

Paragraph 4 of Black's Declaration reads:

> In 1995 the facility was sold to SCA. SCA is an indirect, partially-owned subsidiary of Alcoa Inc. ("Alcoa"). SCA operated the facility from 1998 to 2001. The refinery has not been in operation since 2001. Alcoa has never owned or operated the facility.

Four out of the five sentences making up that paragraph are legal conclusions regarding the identity of the owners and/or operators of the alumina refinery on St. Croix at various times. This Court is "not bound to accept as true a legal conclusion couched as a factual allegation."[23] Further, it is undisputed "Defendant St. Croix Alumina, LLC, and Defendant Alcoa, Inc., owned and operated the subject alumina processing facility."[24] Furthermore, the identity of the Defendants who are legally responsible for abating and/or remediating the nuisance at issue in this class action is presently being hotly contested. Paragraph 4 is plainly nothing more than "conclusory legal assertions unsupported by any documentary evidence or any specific details . . ." couched as factual allegations.[25] Paragraph 4 must be stricken. Similarly, Paragraph 7 is also an unsupported legal conclusion and must be stricken on the same basis.

In short, the Declaration of Eric W. Black does not comply with the requirements of Fed. R. Civ. P. 56 and should be stricken in its entirety.

---

[23] *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citation omitted).

[24] Prop. Find. & Recomm. , Mar. 29, 2006 (Doc. No. 943) at p. 4, Finding A. 2, adopted by Order, Apr. 24, 2006 (Doc. No. 949); at 1 Norton Dep. 333, Feb. 25, 2002 (Alcoa 30(b)(6) Dep.), attached as Exhibit 49.

[25] *Id.*; *Operating Sys. Support*, 52 Fed. Appx. at 166; *Maldonado*, 757 F.2d at 51.

Case: 1:99-cv-00036-HB   Document #: 1318   Filed: 07/22/09   Page 9 of 11

**Henry, et al. v. St. Croix Alumina, LLC, et al.,** CIVIL NO. 1999/0036
**PLS.' MOT. TO STRIKE EXHIBITS FILED IN SUPPORT OF DEFS.' MOT. FOR SUMM. J.
BASED ON LACK OF NECESSARY EVIDENCE--** Page 9

## II. The Hess Corporation Website Document (Ex. B) in Support of Motion is not Authentic.

### A. Relevant Legal Standards Governing Evidence Filed in Support of a Motion for Summary Judgment

"It is well established that unauthenticated documents cannot be considered on a motion for summary judgment."[26] Documents can be authenticated by an affidavit of an individual with personal knowledge able to provide evidence "sufficient to support a finding that the matter in question is what its proponent claims."[27] "[A] proper foundation need not be established through personal knowledge but can rest on any manner permitted by Federal Rule of Evidence 901(b) or 902." *Orr,* 285 F.3d at 774, *citing* Fed. R. Evid. 901(b) (providing "by way of illustration, and not by way of limitation . . . examples of authentication or identification conforming with the requirements of this rule."); Fed. R. Evid. 902 (self-authenticating documents need no extrinsic foundation).

### B. Application of the governing standards to Exhibit B, Hess Corporation Website.

Defendants in this case have failed to authenticate a purported print-out of portions of the website of a non-party, Hess Corporation, (Exhibit B) by any method. Additionally, Exhibit B is inadmissible hearsay as an out-of-court statement by a non-

---

[26] *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989), *citing Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) ("A document which lacks a proper foundation to authenticate it cannot be used to support a motion for summary judgment.") *See also Shanklin v. Fitzgerald,* 397 F.3d 596, 602 (8th Cir. 2005) (affirming district court's exclusion of unauthenticated and inadmissible exhibits on motion for summary judgment); *Orr v. Bank of America, NT & SA,* 285 F.3d 764, 773 (9th Cir. 2002); *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000).

[27] *Orr,* 285 F.3d at 773, *quoting* Fed. R. Evid. 901(a)). *See also Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000), *citing Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2722 at 382 (3d ed. 1998)).

Case: 1:99-cv-00036-HB Document #: 1318 Filed: 07/22/09 Page 10 of 11

**Henry, et al. v. St. Croix Alumina, LLC, et al.,** CIVIL NO. 1999/0036
**PLS.' MOT. TO STRIKE EXHIBITS FILED IN SUPPORT OF DEFS.' MOT. FOR SUMM. J. BASED ON LACK OF NECESSARY EVIDENCE--** Page 10

party offered by Defendants for the truth of the matters asserted within it. Therefore, the Court should strike Exhibit B as unauthenticated and inadmissible evidence.

## CONCLUSION

The Third Circuit Court of Appeals recognizes that Rule 56 of the Federal Rules of Civil Procedure is "unambiguous . . . that a motion for summary judgment **must** be 'supported as provided in this rule.'" *Peterson v. United States*, 694 F.2d 943, 945 (3d Cir. 1982), *citing* FRCP 56(e)(2) (emphasis supplied). Similarly, this Court has made it "a mandatory requirement that affidavits submitted in support of, or in opposition to, a motion for summary judgment be made on "personal knowledge."[28] The Declaration of Eric W. Black, Exhibit A, is not made on personal knowledge, states facts that cannot be based on personal knowledge, and is conclusory.[29] Exhibit B, Document No. 1314-3, purporting to be a non-party's website, is neither authenticated nor admissible. None of the Exhibits proffered by Defendants in support of Alcoa's Motion for Summary Judgment comply with Fed. R. Civ. P. 56 (e)(1), and all must be stricken from the record.

Dated: July 22, 2009                                  Respectfully Submitted:


                                                      BY:     s/Lee J. Rohn

LEE J. ROHN
ROHN & CARPENTER, LLC
1101 King Street
Christiansted, St. Croix
U.S. Virgin Islands 00820-4933
(340) 778-8855
(340) 773-2954 (FAX)

---

[28] Doc. No. 1125 at 6-7; *see also* 10B Wright & Miller, *Federal Practice & Procedure* § 2738 at 328 (2005) ("[t]hese rules are mandatory.")

[29] *See* Doc. No. 1310-2.

**Henry, et al. v. St. Croix Alumina, LLC, et al.,** CIVIL NO. 1999/0036
**PLS.' MOT. TO STRIKE EXHIBITS FILED IN SUPPORT OF DEFS.' MOT. FOR SUMM. J. BASED ON LACK OF NECESSARY EVIDENCE-- Page 11**

CERTIFICATE OF SERVICE

I hereby certify that on July ___, 2009, a true and correct copy of the above and foregoing **Plaintiffs' Motion to Strike Evidence Filed in Support of Defendants' Motion For Summary Judgment Based On Plaintiffs' Lack Of Necessary Evidence** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Bernard C. Pattie, Esquire
Law Office of Bernard C. Pattie PC
1244 Queen Cross Street, Suite 5
St. Croix, VI 00820-4932
Attorney for St. Croix Alumina LLC and Alcoa Inc.

Derek M. Hodge, Esquire
MacKay & Hodge
19A-20 Kongens Gade
P.O. Box 303678
St. Thomas, VI  00802
Attorney for Glencore, Ltd.

Gordon Rhea, Esquire
Richardson, Patrick Westbrook & Brickman, LLC
1037 Chuck Dawley Blvd. Bldg A
Mt. Pleasant, SC 29464
Attorney for Plaintiffs

Laura Baughman, Esquire
Baron & Budd, P.C.
3102 Oak Lawn Ave.
Dallas, TX 75219-4281
Attorney for Plaintiffs

Lori E. Jarvis, Esquire
Hunton & Williams
River Front Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Attorney for St. Croix Alumina LLC and Alcoa Inc.

Renè P. Tatro, Esquire
Tatro Tekosky Sadwick LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, CA 90017
Attorney for Glencore, Ltd.

BY:     s/*Lee J. Rohn*