# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| JOSEPHAT HENRY resident of Harvey, KAY WILLIAMS resident of Harvey, SYLVIA BROWNE resident of Clifton Hill, MAUDE DREW resident of Estate Barren Spot, MARTHA ACOSTA resident of Estate Profit, WILHELMINA GLASGOW as in individual and mother and next of friend of SAMANTHA VIERA, a minor, both residents of Estate Profit, MERCEDES ROSA resident of Estate Profit, GEORGE RODRIGUEZ as an individual and as father and next friend of AMANDO and GEORGE E. RODRIGUEZ, minors, all residents of Estate Profit, SONYA CIRILO resident of Estate Profit, RAQUEL TAVAREZ, resident of Estate Profit, NEFTALI CAMACHO, as an individual and as father and next friend of ANGEL JAVIER CAMACHO a minor, both residents of Estate Profit, EYAJIE MALAYKHAN resident of Estate Profit, CHEDDIE KELSHALL resident of Estate Profit and other persons too numerous to mention, A CLASS ACTION,<br><br>                Plaintiffs,<br><br>   v.<br><br>ST. CROIX ALUMINA, LLC, ALCOA INC., and GLENCORE, LTD., f/k/a CLARENDON, LTD.,<br><br>                Defendants. | CIVIL NO. 1999/0036<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

**PLAINTIFFS' ALTERNATIVE MOTION PURSUANT TO RULE 56(F) FOR A STAY OF DEFENDANTS' SUMMARY JUDGMENT MOTIONS ON PLAINTIFFS' CLASS CLAIMS FOR INJUNCTIVE RELIEF**

The Class Plaintiffs have filed a Response to Defendants Alcoa, Inc. and St. Croix Alumina, LLC's Motion for Summary Judgment on Plaintiffs' Class Claim for Injunctive Relief ("Alcoa's Motion"), and Plaintiffs' Statement of Material Facts in Support, and an Opposition to Glencore Ltd.'s Motion for Summary Judgment on Class Claim for Injunctive Relief ("Glencore's Motion"), and Plaintiffs' Statement of Facts in Support.[1] Defendants' Motions are premature and should be denied. The Class Plaintiffs, by and through their undersigned counsel, move in the alternative pursuant to Fed. R. Civ. P. 56 (f), for a stay of the resolution of Alcoa's Motion and Glencore's Motion to allow discovery relevant to the claims of the newly certified class. As the attached Affidavit of Counsel states, necessary additional discovery would be relevant to the claims of the new class certified on June 3, 2008, and would concern the increased risks of exposure to bauxite and red mud associated with various remediation and closure measures, the constituents, size, and condition of bauxite and red mud piles currently remaining, and any remaining after remediation or closure ordered by DPNR and/or the completion of any other remediation and closure measures, the potential for harm posed by any bauxite and red mud remaining at the refinery after remediation, and the appropriate methods for protecting the class from future harm under the circumstances existing after any attempted remediation. The discovery would also include 30(b)(6) depositions of Defendants and DPNR, the deposition of Kirk

---

[1] Defendant Glencore Ltd. ("Glencore") joined Alcoa's Motion for Summary Judgment on Plaintiffs' Class Claim for Injunctive Relief and incorporated it by reference into Glencore Ltd.'s Motion for Summary Judgment on Class Claims for Injunctive Relief and Memorandum of Points and Authorities in Support Thereof ("Glencore MSJ"). See Doc. No. 1311, at p. 3. Both Motions were filed on May 15, 2009. A third Motion was filed by Defendants jointly on May 22, 2009. To avoid confusion, the Motions filed on May 15, 2009 will be designated "Alcoa's Motion" and "Glencore's Motion" respectively, and the Motion filed on May 22, 2009 will be cited as "Defendants' Joint Motion" or "the Joint Motion".

Joseph Gribben, whose expert testimony has been proffered in support of Alcoa's Motion, Plaintiffs' naming of experts as to what should be done to remediate the nuisance, and the depositions of those experts.

**I.    Governing Law**

If a party opposing summary judgment believes that additional discovery is necessary, the proper procedure is to file a motion pursuant to Rule 56(f) for additional time for discovery. *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988). Rule 56(f) provides that, if it appears "from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition," the Court may order a continuance to permit discovery.

The Third Circuit recently restated its strong policy favoring the grant of a properly supported Rule 56(f) Motion. *See Doe v. Abington Friends School*, 480 F.3d 252 (3d Cir. 2007).

> [I]t is well established that a court "is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." *Dowling* [*v. City of Philadelphia*, 855 F.2d 136 (3d Cir.1988)], at 139. This is necessary because, by its very nature, the summary judgment process presupposes the existence of an adequate record. *See* Fed.R.Civ.P. 56(c) (instructing that summary judgment be decided on the basis of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any"); *Anderson* [*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)], at 257, 106 S.Ct. 2505 (explaining the non-moving party's burden at summary judgment rests on the assumption that the party "had a full opportunity to conduct discovery"). In this vein, the Supreme Court has explained that "[a]ny potential problem with . . . premature [summary judgment] motions can be adequately dealt with under Rule 56(f)." *Celotex* [*Corp. v. Catrett*, 477 U.S. 317, 322 n. 3, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)], at 326, 106 S.Ct. 2548. Therefore, if the non-moving party believes that additional discovery is necessary, the proper course is to file a motion pursuant to Rule 56(f). *Dowling*, 855 F.2d at 139.

*Doe*, 480 F.3d, at 257. "District courts usually grant properly filed Rule 56(f) motions as a matter of course." *St. Surin v. V.I. Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir.1994) (internal quotation marks omitted). So strong is the policy that a motion for summary judgment should be weighed against a complete record that it has been deemed "improper" for a district court to rule on summary judgment prior to ruling on a pending Rule 56(f) motion. *St. Surin*, 21 F.3d at 1315.

However, the Circuit has "repeatedly noted the need for a party moving under Rule 56(f) to accompany the motion with a supporting affidavit detailing 'what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'" *Doe*, 480 F.3d, at 255, n. 3, *citing Dowling*, 855 F.2d, at 136; *St. Surin*, 21 F.3d, at 1313-14 (3d Cir.1994); *Radich v. Goode*, 886 F.2d 1391, 1393-94 (3d Cir.1989); *Lunderstadt v. Colafella*, 885 F.2d 66, 70-71 (3d Cir.1989); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 229-30 (3d Cir.1987).

**II.     Application of the Law in this Case**

The class claims for injunctive relief were certified on June 3, 2008. Plaintiffs have been unable to conduct additional discovery because no scheduling order regarding fact or expert discovery has been issued relative to the newly-certified class and there has been no Rule 16 conference. In addition, no deadline to submit Rule 26 disclosures has been set and no Rule 26 disclosures have been made. The documents proffered by Defendants in support of the Alcoa Motion for Summary Judgment demonstrate that the parties have not had a full opportunity to conduct discovery that is relevant to the newly-certified class, and that additional fact and expert discovery is needed. By their own proffer, Defendants have shown that matters being litigated in

other cases and other courts are related to the matters at issue herein. Plaintiffs are entitled to an opportunity to acquire the information and evidence produced in those cases to oppose this Motion. This includes discovery of admissions made by Defendants in the sister courts, and the nature and progress of plans for remediation or closure of the bauxite and red mud piles that are currently under consideration.

Moreover, the new class is certified under Rule 23 (b)(2) which requires proof that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."[2] The documents proffered by Defendants in support of Alcoa's Motion for Summary Judgment on the new class claims provide proof of their actions and refusals to act that are critical to the claims of the newly certified class.

Further, in support of their Motions, Defendants rely on their interpretation of a March 2002 Purchase and Sale Agreement for the St. Croix facility and a June 13, 2002 letter Amendment without disclosing that the interpretation of the agreement is the subject of a contentious, hard-fought lawsuit presently pending.[3] The recently filed statement of facts relating to a summary judgment motion in the SCRG case references numerous contract documents, depositions, and other evidence related to the Agreement, none of which has been provided to Plaintiffs or class counsel in discovery.[4] Defendants' control of the site and access to it from 2002 to the present are matters that

---

[2] Fed. R. Civ. P. 23(b)(2).

[3] DF Exh. C, D. *See St. Croix Renaissance Group, LLP, et al., v. St. Croix Alumina*, LLC, Civ. No. 2004/67 in the District Court of the Virgin Islands (the "SCRG case").

[4] *See St. Croix Renaissance Group, LLLP, et al., v. St. Croix Alumina*, LLC, No. 2004/67, at Doc. No. 229..

must be determined in order to fairly apportion liability for abating the nuisance that currently exists.

Discovery relative to this class requires samples of what substances are currently present, how they are contained or not contained, and the likelihood they will be dispersed into the neighborhoods by another hurricane. Expert testimony relevant to the newly-certified class would focus on current conditions at the refinery in order to determine how much bauxite and red mud currently remain at the site, the extent to which it is exposed and the effectiveness of any attempted or planned abatement or remediation, what risks those materials currently pose to the adjacent communities, and what is required to remediate the site so that it no longer poses a threat of personal injuries or property damage to the adjacent communities **in the future**.

No experts on the relevant newly certified matters have been identified and no expert reports on these topics have been exchanged. Defendants proffered a Declaration of Kirk Joseph Gribben, expressing his opinions with regard to remediation and closure of the piles of bauxite residue remaining on the alumina refinery site and of various unspecified proposals for accomplishing the same, in support of their Motions. Mr. Gribben has never been identified as an expert in this matter and has not provided a report or required Rule 26 disclosures. He has never been deposed in this case or even identified as a person with knowledge pursuant to Rule 26.

Supported by the attached Affirmation of Counsel, Plaintiffs seek a Rule 56(f) continuance to obtain the additional discovery with regard to the following:

> The amount of bauxite and red mud currently remaining at the site, and the extent to which it is exposed;

The constituents, size, and condition of any piles of bauxite and red mud currently *in situs* at the alumina refinery site;

The effectiveness of any attempted abatement or remediation of the nuisance that has occurred to date;

The risks that the bauxite and red mud at the site currently pose to the adjacent communities,

The nature and progress of any plans or proposed plans prepared by any party, including the Government of the Virgin Islands, for remediation or closure of the bauxite and red mud piles that are currently at the refinery;

The risks of exposure to bauxite and red mud associated with any remediation and closure measures proposed for the alumina refinery site;

The condition of the red mud piles after the installation of the red mud sediment control system ordered by DPNR;

The constituents, size, and condition of piles of bauxite and red mud remaining after the completion of any other remediation and closure measures

The appropriate methods for protecting the class from future harm under the circumstances existing after any attempted remediation; and

Discovery into the representations made and evidence produced by all parties in related cases filed in other Virgin Islands Courts.

This would at a minimum require the following additional discovery:

a. The 30(b)(6) depositions of SCA, Alcoa, and the Renaissance Group;

b. Depositions of various DPNR representatives;

c. The deposition of Kirk Joseph Gribben who has proffered an affidavit in this matter;

d. Subpoena *duces tecum* to DPNR for documents related to the bauxite and red mud piles;

e. Subpoenas *duces tecum* to DPNR for documents related to the remediation and closure of the bauxite and red mud piles;

f. Written discovery to Defendants as to documents and information related to the bauxite and red mud piles; and

      g.    Rule 26 disclosures by all parties which will better enable Plaintiffs to determine who else needs to be deposed.

Due to the necessary additional discovery Plaintiffs seek and that this case merits, Defendants' Motions for Summary Judgment on Plaintiffs' Class Claims for Injunctive Relief should be denied as premature. In the alternative, Plaintiffs ask that the resolution of the Motions be stayed to allow them to conduct the above-described discovery.

Dated: July 24, 2009                Respectfully Submitted:

BY:    s/Lee J. Rohn

LEE J. ROHN
ROHN & CARPENTER, LLC
1101 King Street
Christiansted, St. Croix
U.S. Virgin Islands 00820-4933
(340) 778-8855
(340) 773-2954 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2009, a true and correct copy of the above and foregoing **PLAINTIFFS' ALTERNATIVE MOTION PURSUANT TO RULE 56(F) FOR A STAY OF DEFENDANTS' SUMMARY JUDGMENT MOTIONS ON PLAINTIFFS' CLASS CLAIMS FOR INJUNCTIVE RELIEF** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Bernard C. Pattie, Esquire
Law Office of Bernard C. Pattie PC
1244 Queen Cross Street, Suite 5
St. Croix, VI 00820-4932
Attorney for St. Croix Alumina LLC and Alcoa Inc.

Derek M. Hodge, Esquire
MacKay & Hodge
19A-20 Kongens Gade
P.O. Box 303678
St. Thomas, VI 00802
Attorney for Glencore, Ltd.

Gordon Rhea, Esquire
Richardson, Patrick Westbrook & Brickman, LLC
1037 Chuck Dawley Blvd. Bldg A
Mt. Pleasant, SC 29464
Attorney for Plaintiffs

Laura Baughman, Esquire
Baron & Budd, P.C.
3102 Oak Lawn Ave.
Dallas, TX 75219-4281
Attorney for Plaintiffs

Lori E. Jarvis, Esquire
Hunton & Williams
River Front Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Attorney for St. Croix Alumina LLC and Alcoa Inc.

Renè P. Tatro, Esquire
Tatro Tekosky Sadwick LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, CA 90017
Attorney for Glencore, Ltd.

BY:  s/*Lee J. Rohn* (sb)