## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| JOSEPHAT HENRY resident of Harvey, KAY WILLIAMS resident of Harvey, SYLVIA BROWNE resident of Clifton Hill, MAUDE DREW resident of Estate Barren Spot, MARTHA ACOSTA resident of Estate Profit, WILHELMINA GLASGOW as in individual and mother and next of friend of SAMANTHA VIERA, a minor, both residents of Estate Profit, MERCEDES ROSA resident of Estate Profit, GEORGE RODRIGUEZ as an individual and as father and next friend of AMANDO and GEORGE E. RODRIGUEZ, minors, all residents of Estate Profit, SONYA CIRILO resident of Estate Profit, RAQUEL TAVAREZ, resident of Estate Profit, NEFTALI CAMACHO, as an individual and as father and next friend of ANGEL JAVIER CAMACHO a minor, both residents of Estate Profit, EYAJIE MALAYKHAN resident of Estate Profit, CHEDDIE KELSHALL resident of Estate Profit and other persons too numerous to mention, A CLASS ACTION, <br><br>    Plaintiff, <br><br> v. <br><br>ST. CROIX ALUMINA, LLC, ALCOA INC., and GLENCORE, LTD., f/k/a CLARENDON, LTD., <br><br>    Defendant. | CIVIL NO. 1999/0036 <br><br> **ACTION FOR DAMAGES** <br><br> <u>JURY TRIAL DEMANDED</u> |

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN OPPOSITION TO GLENCORE LTD'S MOTION FOR SUMMARY JUDGMENT ON CLASS CLAIM FOR INJUNCTIVE RELIEF**

Case: 1:99-cv-00036-HB   Document #: 1327   Filed: 07/24/09   Page 2 of 12

Henry v. St. Croix Alumina, LLC, et al., CIVIL NO. 1999/0036
**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN OPPOSITION TO GLENCORE LTD'S MOTION FOR SUMMARY JUDGMENT ON CLASS CLAIM FOR INJUNCTIVE RELIEF**
Page 1

The Class Plaintiffs, by and through their undersigned Counsel, hereby submit their Statement of Material Facts in Support of their Opposition to Glencore Ltd's Motion for Summary Judgment on Class Claim for Injunctive Relief ("Glencore's Motion").[1] Plaintiffs submit this statement of material facts addressing the facts upon which the Defendants have relied (using the corresponding serial numbering) and identifying any and all other material facts, pursuant to LRCi 56.1(b).[2] All documents designated "Exh. __" are authenticated by the Affidavit of Plaintiffs' Counsel, attached hereto as Exhibit A.

## PLAINTIFFS' STATEMENT REGARDING MOVANT'S FACTS

1. <u>Defendants' Statement of Facts:</u> "Glencore has never owned or operated the alumina refinery on St. Croix, as this Court has already held."

    <u>Plaintiffs' Statement of Facts:</u> Plaintiffs do not dispute that the Court made certain findings of fact regarding Glencore's ownership interest in the alumina refinery on St. Croix based on a demonstrably false affidavit proffered by Glencore in support of its 2003 Motion for Summary Judgment. Plaintiffs dispute that Glencore's never owned or operated the refinery based on the following statements filed with the SEC by Century Aluminum Company ("the Company") that:

---

[1] Defendant Glencore Ltd. ("Glencore") joined Alcoa's Motion for Summary Judgment on Plaintiffs' Class Claim for Injunctive Relief and incorporated it by reference into Glencore Ltd.'s Motion for Summary Judgment on Class Claims for Injunctive Relief and Memorandum of Points and Authorities in Support Thereof ("Glencore MSJ"). *See* Doc. No. 1311 (Glencore's Mot.), at p. 3. Both Motions were filed on May 15, 2009. A third Motion was filed by Defendants jointly on May 22, 2009. To avoid confusion, the Motions filed on May 15, 2009 will be designated "Alcoa's Motion" and "Glencore's Motion" respectively, and the Motion filed on May 22, 2009 will be cited as "Defendants' Joint Motion" or "the Joint Motion".

[2] Plaintiffs incorporate herein by reference Plaintiffs' Statement of Material Facts in Support of their Response to Defendants Alcoa, Inc. and St. Croix Alumina, LLC's Motion for Summary Judgment on Plaintiffs' Class Claim for Injunctive Relief, Plaintiffs' Statement of Material Facts in Opposition to Defendants' Motion for Summary Judgment on Plaintiffs' Lack of Necessary Evidence, and Plaintiffs' Statement of Material Facts in Opposition to Glencore's prior Motion for Summary Judgment or, in the Alternative, for Partial Summary Judgment.

Case: 1:99-cv-00036-HB    Document #: 1327    Filed: 07/24/09    Page 3 of 12

**Henry v. St. Croix Alumina, LLC, et al.,** CIVIL NO. 1999/0036
**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN OPPOSITION TO GLENCORE LTD'S MOTION FOR SUMMARY JUDGMENT ON CLASS CLAIM FOR INJUNCTIVE RELIEF**
Page 2

> In April 1995, **pursuant to a restructuring within Glencore International AG and its subsidiaries**, (hereinafter, "Glencore International," "Glencore" or the "Glencore Group", respectively), **Ravenswood acquired Virgin Islands Alumina Company ("Vialco")** and Berkeley (which was previously a direct wholly-owned subsidiary of Century) **and Ravenswood became a wholly-owned subsidiary of Century**. The restructuring was accounted for as a transfer of interests among companies under the common control of Glencore International and, as a result, the assets and liabilities of Ravenswood have been accounted for at historical cost. **In July 1995, the Vialco Alumina Facility was sold to a subsidiary of Alcoa L.L.C.** Accordingly, the Consolidated Financial Statements of the Company do not include the historical results of Vialco.[3]

> . . .

> The Company is aware there has been contamination in the soil and groundwater at **the previously-owned Vialco facility.** . . . **Pursuant to the contract for sale of the Vialco facility to St. Croix Alumina, L.L.C.** ("St. Croix Alumina"), a subsidiary of Alcoa Alumina and Chemicals L.L.C., **the Company has retained liability for environmental conditions existing at the time of the sale** only to the extent such conditions require remedial action, or give rise to claims, under laws in effect at the time of sale. The Company will not have liability if remediation is required or claims are made due to changes in law after the time of sale. **The Company has agreed to indemnify St. Croix Alumina against claims arising from environmental conditions for which the Company has retained liability. The indemnity is capped at $18 million, and any claims under the indemnity must be brought by July 24, 2001**.[4]

"Prior to 1996, Ravenswood and Berkeley operated as separate entities, **under the control of Glencore**."[5]    "Glencore Ltd. [was] a U.S. branch of Glencore AG, which in turn, [was] wholly-owned by Glencore."[6]

---

[3]  Exh. 1 (Notes to Century Aluminum Co · 10-K · For 12/31/96, Filed On 3/27/97, Document 1 of 6), at p. 2 (emphasis supplied), verified by the attached affirmation of Lee J Rohn, Exhibit A.

[4]  *Id.*, at p. 7.

[5]  *Id.*, at p. 25 (emphasis supplied).

Case: 1:99-cv-00036-HB Document #: 1327 Filed: 07/24/09 Page 4 of 12

**Henry v. St. Croix Alumina, LLC, et al.,** CIVIL NO. 1999/0036
**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN OPPOSITION TO GLENCORE LTD'S MOTION FOR SUMMARY JUDGMENT ON CLASS CLAIM FOR INJUNCTIVE RELIEF**
Page 3

The Century Aluminum 10-K filing further establishes that:

**on April 26, 1995, Berkeley and Virgin Islands Alumina Corporation ("Vialco"), whose principal asset was an inactive alumina refinery in the United States Virgin Islands . . . became subsidiaries of Ravenswood.** Substantially all of Vialco's assets were sold to an unrelated buyer on July 24, 1995. **The difference between the assets and liabilities of Vialco was recorded as additional paid-in capital"** to Century Aluminum."[7]

**"Prior to April 1996, the Company [Century Aluminum] was an indirect, wholly-owned subsidiary of Glencore.** In April 1996, the Company completed an initial public offering of its common stock."[8]

Moreover, the Acquisition Agreement between Glencore and Alcoa shows that Glencore was the "ultimate parent" of Vialco and the ultimate owner of the alumina refinery.[9] Plaintiffs further rely on their Statement of Additional Material Facts, *infra*, to demonstrate that not only did Glencore own and operate the St. Croix Alumina refinery, but also it retained liability for the public nuisance at issue herein.

2. <u>Defendant's Statement of Facts:</u> "Glencore is not the alter ego or agent of, and cannot be derivatively liable for the alleged wrongdoing of, its former thrice-removed indirect subsidiary, the Virgin Islands Alumina Company ("Vialco"), as this Court has already adjudicated."

---

[6] *Id.*

[7] *Id.*, at p. 25.

[8] *Id.*

[9] Exh.2 (1995 Site Acquisition Agreement), at p. 2, § 1.1.

Case: 1:99-cv-00036-HB   Document #: 1327   Filed: 07/24/09   Page 5 of 12

**Henry v. St. Croix Alumina, LLC, et al.,** CIVIL NO. 1999/0036
**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN OPPOSITION TO GLENCORE LTD'S MOTION FOR SUMMARY JUDGMENT ON CLASS CLAIM FOR INJUNCTIVE RELIEF**
Page 4

<u>Plaintiffs' Statement of Facts:</u>  Plaintiffs do not dispute that the Court made certain findings of fact regarding Glencore's ownership interest in the alumina refinery on St. Croix based on a demonstrably false affidavit proffered by Glencore in support of its 2003 Motion for Summary Judgment.  The findings that "[i]n 1995, VIALCO Holdings sold its interest in VIALCO to a company called Century Chartering Company" and that "Century Chartering Co. is not affiliated with Glencore or any of its subsidiaries" are contradicted by the evidence.[10]  *Id.*  *See* response to Defendant's Statement No. 1, *supra*.  The remainder of the statement is a legal conclusion, not a statement of fact.

## **PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS**

3. Paul Arnold was "the Human Resources Manager for Vialco from 1987 until they closed."[11]

4. Glencore f/k/a Clarendon had final approval the salaries and benefits paid by Vialco.[12]

5. "Representatives from Clarendon and then Glencore would come to Vialco 4-6 times a year or more" and "they would have progress meetings, discuss budget issues, [and] do plant inspections."[13]

---

[10]  Doc. No. 1125 (8/10/07 Memo Op) at 2, *citing* the 12/8/03 Prusak Aff., ¶ 6.

[11]  Exh. 7 (7/22/05 Affidavit of Paul Arnold), ¶ 2.  By Order of the District Court, ¶¶ 4, 7, and 8 have been stricken.  *See* Doc No. 1125, at pp. 8, 9.

[12]  Exh. 7, ¶ 3.
[13]  Exh. 7, ¶ 6.

Case: 1:99-cv-00036-HB   Document #: 1327   Filed: 07/24/09   Page 6 of 12

Henry v. St. Croix Alumina, LLC, et al., CIVIL NO. 1999/0036
**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN OPPOSITION TO GLENCORE LTD'S MOTION FOR SUMMARY JUDGMENT ON CLASS CLAIM FOR INJUNCTIVE RELIEF**
Page 5

6. Representatives of Glencore f/k/a Clarendon would "either approve recommendations for improvements or direct that improvements be made."[14]

7. A 1989 report from Ormet Corporation identifying major local concerns about the operations of the Refinery, including the ability of the bauxite storage building to withstand storm conditions and the potential "air pollution problem" posed by bauxite residue was issued to Glencore f/k/a Clarendon, rather than to Vialco, the purported owner.[15]

8. Pursuant to the 1996 10-K filed by Century Aluminum with the SEC, in April 1995 Ravenswood "acquired" Vialco and became a wholly owned subsidiary of Century, and all three entities were identified as "companies under the common control of Glencore," plainly demonstrating that Vialco was under the control of Glencore as of April 1995.[16]

9. The Acquisition Agreement, dated July 19, 1995, states that "'Affiliate' shall mean, with respect to any entity, any other entity directly or indirectly controlling, controlled by or under common control with such entity. For purposes of this definition, 'control' shall mean the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of an entity, whether through the ownership of voting securities or otherwise," and clearly encompasses Glencore.[17]

---

[14] Exh. 7, ¶ 6.

[15] Exh 3 (St. Croix Alumina Refinery Report to Clarendon, Ltd. (Bates Nos. G00207-68).)

[16] Exh. 1, Notes to Century Aluminum Co · 1996 10-K · Form.

[17] Exh. 2, Acquisition Agreement, at p. 13, § 8.1 (b).

Case: 1:99-cv-00036-HB Document #: 1327 Filed: 07/24/09 Page 7 of 12

**Henry v. St. Croix Alumina, LLC, et al.,** CIVIL NO. 1999/0036
**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN OPPOSITION TO GLENCORE LTD'S MOTION FOR SUMMARY JUDGMENT ON CLASS CLAIM FOR INJUNCTIVE RELIEF**
Page 6

10. With regard to the sale of the St. Croix refinery, the 1996 10-K form filed by Century, Glencore's wholly-owned subsidiary, acknowledged that Century had "retained liability for environmental conditions existing at the time of the sale only to the extent such conditions require remedial action, or give rise to claims, under laws in effect at the time of sale" and indemnified Alcoa for up to eighteen million dollars ($18,000,000) for claims made by July 24, 2001."[18]

11. Glencore's 30(b)(6) representative, Robert Prusak, testified that he was not "sure but I think that a Glencore company had to guarantee Vialco's indemnity obligation to Alcoa," which is memorialized in the Acquisition Agreement.[19]

12. The Acquisition Agreement between Glencore and Alcoa recites that the indemnity obligations of the Seller "survive until July 24, 2001."[20]

13. The indemnification sections of the Acquisition Agreement are applicable to Glencore as the "ultimate parent" of Vialco and as a controlling "Affiliate".[21]

14. The indemnification sections provide that the "[w]ith respect to Pre-Closing Environmental Conditions, Seller shall be responsible for, and shall indemnify, save and hold Buyer and its Affiliates harmless against, any amount arising therefrom not to exceed $18 million."[22]

---

[18] *Id.*, at p. 7.

[19] Exh 5 (Prusak Dep. 114, Feb. 22, 2002); Exh 2 at 14-17.

[20] Exh. 2, at p. 17, § 8.5.

[21] Exh.2, at p. 2, § 1.1; Exh. 1 Notes to Century Aluminum Co · 10-K · For 12/31/96. *See* generally Acquisition Agreement, Exh.78, at pp. 12-17, §§ 8.1- 8.6..

[22] Exh. 2, at p. 13, § 8.2 (a).

Case: 1:99-cv-00036-HB   Document #: 1327   Filed: 07/24/09   Page 8 of 12

**Henry v. St. Croix Alumina, LLC, et al.,** CIVIL NO. 1999/0036
**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN OPPOSITION TO GLENCORE LTD'S MOTION FOR SUMMARY JUDGMENT ON CLASS CLAIM FOR INJUNCTIVE RELIEF**
Page 7

15. "For purposes of this Article VIII, the term 'Pre-Closing Environmental Conditions' shall mean conditions arising from the operation of the Refinery by Seller or its agents, and existing at or before the Closing, pertaining to, without-limitation, surface or subsurface conditions, soil or the groundwater at the Refinery, any off-site disposal arranged by or for Seller, and the migration of substances from the real property of the Refinery, to the extent, and only to the extent, that such conditions, pursuant to Legal Requirements as in effect on the Closing Date and applicable to the Assets and the Refinery:

   (1) require (with or without notice or a Judgment with respect thereto) remedial investigation and/or action and/or involve suits, actions or other proceedings for remedial action, study or investigation, and/or

   (2) give rise to Judgments, claims, demands, penalties, costs, and/or other liability of any nature of Buyer."[23]

16. The provisions of Section 8.2 (a) notwithstanding, "Seller shall only be responsible for and required to indemnify, save and hold Buyer and its Affiliates harmless with respect to such Pre-Closing Environmental Conditions if and to the extent that Buyer shall have given Seller prompt written notice that (1) compliance with Legal Requirements with respect to the matters covered by this Article VIII requires remedial investigation and/or action with respect thereto, or (2) a suit, action or other proceeding for remedial action, study or investigation with respect to a Pre-Closing Environmental Condition has been brought or filed

---

[23] Exh. 2, at p. 14, § 8.1 (a).

Case: 1:99-cv-00036-HB   Document #: 1327   Filed: 07/24/09   Page 9 of 12

**Henry v. St. Croix Alumina, LLC, et al.,** CIVIL NO. 1999/0036
**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN OPPOSITION TO GLENCORE LTD'S MOTION FOR SUMMARY JUDGMENT ON CLASS CLAIM FOR INJUNCTIVE RELIEF**
Page 8

or otherwise commenced against Buyer and/or any of its Affiliates which if successful could result in judgments, claims, demands, penalties, costs and/ or other liability of any nature of Buyer and/or any of it Affiliates with respect to a Pre-Closing Environmental Condition."[24]

17. Section 8.4 (a) provides that "Seller and Buyer shall cooperate with each other regarding any action called for or taken with respect to Pre-Closing Environmental Conditions (including, but not limited to, any investigation of and/or the initiation and/or implementation of any remediation with respect thereto) so that such actions are carried out in the most efficient cost effective manner which will not impede operations."[25]

18. When the Virgin Islands Department of Planning and Natural Resources ("DPNR") assessed fees against SCA in 1996 for two months of air emissions in 1995 under its permit, Glencore, not Vialco, promptly paid those fees directly, presumably in satisfaction of the Sellers' obligation of indemnity, described in the Acquisition Agreement.[26]

19. The underlying lawsuit for the claims of the newly-certified class of Plaintiffs herein was commenced in the Territorial Court in February 1999 and removed to District Court in March 1999.[27]

---

[24] Exh. 2, at pp. 14, 15 § 8.2 (b).

[25] Exh. 2, at p. 15, § 8,4.

[26] Exh. 4 (Copies of receipt, check, and cancelled envelope (all bearing the name "Glencore, Ltd.", produced and identified by SCA as documents copied from DPNR), corresponding letter and invoice from DPNR files).

[27] Doc. No. 943 (Magistrate's 3/29/06 Rprt. & Recomm), at p. 4, Finding 1.

Case: 1:99-cv-00036-HB Document #: 1327 Filed: 07/24/09 Page 10 of 12

Henry v. St. Croix Alumina, LLC, et al., CIVIL NO. 1999/0036
**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN OPPOSITION TO GLENCORE LTD'S MOTION FOR SUMMARY JUDGMENT ON CLASS CLAIM FOR INJUNCTIVE RELIEF**
Page 9

20. In 2003, Glencore proffered an affidavit in support of its prior Motion for Summary Judgment wherein its 30(b)(6) representative swore under penalty of perjury, in relevant part, that "[t]he VIALCO stock was, through 1995, owned by VIALCO Holdings. Glencore's only relationship to VIALCO was as a thrice-removed parent company".[28]

21. Glencore's representative further swore that:

> [i]n 1995, VIALCO Holdings transferred its interest in VIALCO to Century Chartering Company. Century Chartering Company is not a subsidiary of VIALCO Holdings, Clarendon Holdings or Glencore. Thus, at the time of Hurricane Georges in 1998, and at the time this action was filed in 1999, VIALCO was merely *a "former* thrice-removed indirect subsidiary of Glencore.[29]

22. The deponent also swore that "Glencore and VIALCO assets were not intermingled," "Glencore did not control VIALCO's spending," "Glencore did not control VIALCO's decision-making processes," and "Glencore did not establish VIALCO's policies or practices."[30]

23. An internet search found no company named Century Chartering Company and no such company received the transfer in interest of Vialco as the documents evidence that the correct name of the company was Century Aluminum Company and it was Ravenswood who actually acquired the interest in Vialco.

---

[28] Exh 6 (Affidavit of Robert S. Prusak in Support of Glencore's Motion for Partial Summary Judgment, dated 12/8/03), at ¶ 4.

[29] *Id.*, at ¶ 5.

[30] *Id.*, at ¶¶ 7, 13.

Case: 1:99-cv-00036-HB   Document #: 1327   Filed: 07/24/09   Page 11 of 12

Henry v. St. Croix Alumina, LLC, et al., CIVIL NO. 1999/0036
**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN OPPOSITION TO GLENCORE LTD'S MOTION FOR SUMMARY JUDGMENT ON CLASS CLAIM FOR INJUNCTIVE RELIEF**
**Page 10**

24. On June 03, 2008, the Court certified a new class of plaintiffs under Rule 23(b)(2) but "only insofar as they seek cleanup, abatement or removal of the substances **currently present** on the refinery property":

> All persons **who currently reside, work, and/or own property** in the projects of Harvey and Clifton Hill and the estates of Barren Spot, Profit, Clifton Hill, and La Reine who, because of the presence of bauxite and red mud on the St. Croix Alumina Refinery Plant property due to defendants' conduct, **could suffer personal injuries or property damage in the future** as a result of exposure to that bauxite and red mud.[31]

Dated: July 24, 2009                     Respectfully Submitted:

                                         BY: s/Lee J. Rohn

                                         LEE J. ROHN
                                         ROHN & CARPENTER, LLC
                                         1101 King Street
                                         Christiansted, St. Croix
                                         U.S. Virgin Islands 00820-4933
                                         (340) 778-8855
                                         (340) 773-2954 (FAX)

---

[31] Doc. No. 1255 (6/3/08 Order), at p. 25. *See also Henry v. St. Croix Alumina, et al.*, Civil Action No. 1999-0036, 2009 U.S. Dist. LEXIS 31352 *3 (D.V.I. Slip Op. April 13, 2009) (acknowledging certification of "new class" on June 3, 2008).

Case: 1:99-cv-00036-HB    Document #: 1327    Filed: 07/24/09    Page 12 of 12

<u>Henry v. St. Croix Alumina, LLC, et al.,</u> CIVIL NO. 1999/0036
**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN OPPOSITION TO GLENCORE LTD'S MOTION FOR SUMMARY JUDGMENT ON CLASS CLAIM FOR INJUNCTIVE RELIEF**
Page 11

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 24, 2009, a true and correct copy of the above and foregoing **Plaintiffs' Statement of Material Facts In Support of their Response to Defendants Alcoa, Inc. and St. Croix Alumina, LLC's Motion for Summary Judgment on Plaintiffs' Class Claims for Injunctive Relief** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Bernard C. Pattie, Esquire
Law Office of Bernard C. Pattie PC
1244 Queen Cross Street, Suite 5
St. Croix, VI 00820-4932
Attorney for St. Croix Alumina LLC and Alcoa Inc.

Derek M. Hodge, Esquire
MacKay & Hodge
19A-20 Kongens Gade
P.O. Box 303678
St. Thomas, VI 00802
Attorney for Glencore, Ltd.

Gordon Rhea, Esquire
Richardson, Patrick Westbrook & Brickman, LLC
1037 Chuck Dawley Blvd. Bldg A
Mt. Pleasant, SC 29464
Attorney for Plaintiffs

Laura Baughman, Esquire
Baron & Budd, P.C.
3102 Oak Lawn Ave.
Dallas, TX 75219-4281
Attorney for Plaintiffs

Lori E. Jarvis, Esquire
Hunton & Williams
River Front Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Attorney for St. Croix Alumina LLC and Alcoa Inc.

Renè P. Tatro, Esquire
Tatro Tekosky Sadwick LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, CA 90017
Attorney for Glencore, Ltd.

BY:   s/*Lee J. Rohn*   (sb)