IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

JOSEPHAT HENRY, et al.      :      CIVIL ACTION
                           :
        v.                 :
                           :
ST. CROIX ALUMINA, LLC, et al.  :      NO. 1999-0036


MEMORANDUM

Bartle, C.J.                                    October 7, 2009

        Defendants St. Croix Alumina, Alcoa, Inc., and
Glencore, Ltd. have moved for clarification and partial
reconsideration of our Order of August 28, 2009 and accompanying
Memorandum in which we granted in part and denied in part
defendants' motions for summary judgment.

        We will not review the factual background of this case,
as it is well known to the parties.  Rule 7.3 of the Local Rules
of Civil Procedure provides that a party "may file a motion
asking the Court to reconsider its order or decision based on ...
the need to correct clear error or prevent manifest injustice."
L.R. Civ. 7.3 (2008).  "The purpose of a motion for
reconsideration is to correct manifest errors of law or fact or
to present newly discovered evidence."  Harsco Corp. v.
Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); Bostic v. AT&T, 312
F. Supp. 2d 731, 734 (D.V.I. 2004).

        The defendants' present motions are without merit
except in certain limited respects.  First, the court included

plaintiffs Jose Berrios, Julian St. Brice, and Antonia Cruz among the twenty named plaintiffs in its order.  In 2004, when this case was assigned to another judge, these three plaintiffs were dismissed from the action.  Accordingly, we will remove them from this court's August 28, 2009 Order.

Second, Glencore points to our reference to the Restatement (Second) of Torts § 389 in connection with the possible liability for an abnormally dangerous activity in supplying bauxite to the refinery.  Glencore is correct that § 389 deals with negligence.  The reference should have been to § 519 of the Restatement (Second) of Torts.  Our memorandum will be corrected at page 13, footnote 5, to read § 519 in place of § 389.

Third, Glencore requests clarification as to whether its motion for summary judgment was granted in its favor on plaintiffs' negligence claim (Count VIII) to the extent that the claim is based on Restatement (Second) of Tort § 324A.  In our August 28, 2009 Memorandum and Order, we did not decide this issue.  Plaintiffs have presented no evidence demonstrating the existence of any duty by Glencore to inspect the Refinery.  We will grant summary judgment in favor of Glencore on plaintiffs' negligence claim (Count VIII) to the extent that the claim is premised on § 324A.

Finally, Glencore requests clarification that plaintiffs have not brought a negligent abatement claim (Count V) against Glencore.  Glencore is correct.  The August 28, 2009

Order shall be amended to delete Glencore from paragraph five of the order.