```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. CROIX
```

JOSEPHAT HENRY, et al.       :      CIVIL ACTION
                             :
         v.                  :
                             :
ST. CROIX ALUMINA, LLC, et al. :    NO. 99-36

MEMORANDUM

Bartle, C.J.                                      May 27, 2011

   This action, originally filed in the Superior Court of the United States Virgin Islands in February 1999, sought damages for personal injuries and property loss arising out of Hurricane Georges which struck St. Croix on September 21, 1998, over a decade ago. It was timely removed to this court on March 5, 1999. Plaintiffs brought this lawsuit as a class action. The court initially certified the class on August 7, 2000, but decertified the class on June 3, 2008.

   After years of litigation including this court's 2009 summary judgment rulings, all that remains are the claims of the named plaintiffs for property damage. The most recent discovery period in this case closed on September 30, 2008. Plaintiffs now move to re-open discovery for the purpose of obtaining new expert testimony on the diminution of value of their property and to depose defendants regarding documents that plaintiffs allege were belatedly or not produced.

   Plaintiffs first contend that they need to "update" their property appraisals with new expert testimony based on the

court's 2009 decertification decision. Their contention is without merit. Plaintiffs obtained an expert opinion regarding property appraisals during the discovery period. Dr. John Kilpatrick. Plaintiffs voluntarily withdrew Kilpatrick's testimony on property values in the face of a Daubert challenge from defendants. In its August 28, 2009 Memorandum on summary judgment, the court explained that, even in the absence of Kilpatrick's testimony on property value, there was sufficient evidence of property damage based on plaintiffs' testimony about the physical damage to their own homes for plaintiffs to proceed with their claims. There is no meritorious reason to allow them to supplement the record with a new expert opinion.

Plaintiffs also seek to depose defendants regarding several documents that plaintiffs have acquired and contend should have been produced during the discovery period. Plaintiffs have not established that defendants should have produced these documents in response to any legitimate requests during the discovery period. Furthermore, these documents do not appear to contain any new information relevant to plaintiffs' claims for property damage. Their existence is not a reason to re-open discovery.

Eleven years have passed since plaintiffs filed this action. Re-opening discovery would cause undue delay. For these reasons, plaintiffs' request is denied. The court will schedule a trial date in the near future.