*Law Offices of*
# Rohn and Carpenter, LLC

Lee J. Rohn
(Lic. Texas and U.S.V.I.)
lee@rohnlaw.com

Anna Washburn
(Lic. Louisiana and U.S.V.I.)
anna@rohnlaw.com

1101 King Street, Christiansted, St. Croix VI 00820-4933
340.778.8855 · Fax 340.773.2954

1217 Bjerge Gade, K.Q., Charlotte Amalie, St. Thomas VI 00802
340.774.8558 · Fax 888.717.4092

TOLL FREE
866.778.0044 · Fax 866.778.0055

Mary Faith Carpenter
(Lic. New Jersey and U.S.V.I.)
maryfaith@rohnlaw.com

St. Thomas Office
Ryan W. Greene
(Lic. Texas and U.S.V.I.)
ryan@rohnlaw.com

June 17, 2011

**VIA U.S. MAIL & FASCIMILE**
Harvey Bartle, III, Chief Dist. Judge
Eastern District of Pennsylvania
U.S. Courthouse
16614 James A. Byrne
601 Market Street
Philadelphia, PA  19106-1710



RE: Henry, et al. v. St. Croix Alumina, LLC, et al.
Case No. 1999/0036, U.S.D.C V.I.

Dear Hon. Judge Bartle:

 Plaintiffs in the *Josephat Henry* case request permission to, for purposes of trial, replace real estate appraiser Dennis Arlen Wheeler, who had conducted individual appraisals regarding the decreased value and damage to the real property of some of the Class Representatives. The appraisals had been conducted years ago by Mr. Wheeler and his company, Caribbean Engineering Associates. Copies were most recently filed at Dkt. 1388-3 through 1388-6 in the above-captioned case. The appraisals were incorporated into the expert report of the class expert, Dr. Kilpatrick.

 In 2004, the parties disputed whether Caribbean Engineering, which was owned by Mr. Wheeler, could be deposed based on the fact that the damages at that time were calculated as class damages. The Court resolved that dispute by granting limited discovery regarding the participation of Caribbean Engineering Associates in the preparation, drafting, editing and/or revising of expert reports. Dkt. 635 (Order Regarding Plaintiffs' Motions for Reconsideration of the Court's Orders Dated June 1, 2004 and June 4, 2004) (entered 7/20/04), at p. 4 (discovery contemplated on the questions of participation in the preparation drafting, editing and/ or revising of the expert reports), p. 5 ¶ 3(a) ("with regard to ... Caribbean Engineering Associates ... questions (4, 5, & 6) contained in Schedule A, attached to the notices, will be allowed.").

 The Oral Deposition of Caribbean Engineering through D. Arlen Wheeler was taken on August 30, 2004. In his deposition, Mr. Wheeler testified he was

ACIA

JUL-13-2011 15:41 P.03
Case: 1:99-cv-00036-HB  Document #: 1396  Filed: 07/13/11  Page 2 of 2

Henry, et al. v. St. Croix Alumina, LLC, et al.
Letter dated June 17, 2011 to Judge Bartle re: request to replace appraiser Wheeler
Page 2

founder and president of Caribbean Engineering Associates. That the corporation was primarily engaged in the business of real estate appraisals, consulting engineering, and construction cost estimations. Dep. of Wheeler of 8/30/04, p. 5:16-22 (filed at Dkt. 1384-3 as exhibit C), at Page 4 of 24). He testified that he had been retained to prepare real estate appraisals and described the process. *Id.* at p. 22:8-21 (filed at Dkt. 1384-3 at Page 21 of 24) ("[T]he fee of $400 per residential appraisal is based on my, Number 1, competition, and Number 2, the feeling that the inspection should take about two hours, and then the arrival of an indicated value should take another two or three hours, and the production of the report should take another couple of hours.... In most cases one of the field inspectors either Jenyne or Rick, I don't remember which, would do the inspection, then I would do the appraisal portion of it, and Carole would do the production.").

This litigation has been pending for over 13 years. Undersigned counsel believes Mr. Wheeler is 73, he no longer lives in the Virgin Islands, and upon information has moved to Dallas, Texas, in a house where the phone is registered to Carole Doyle who may be a relative to Wheeler. Despite multiple calls, no one has ever answered the phone. When he was last in St. Croix his health had deteriorated.

Accordingly, Plaintiffs respectfully request that Mr. Wheeler be replaced on the grounds of unavailability and Plaintiff be allowed to substitute a replacement appraiser as to the value of Plaintiffs' homes and now that value has deteriorated as a result of the constant exposure to the red mud residue. Plaintiff will seek the value of their property as an element of damages. There are examples in the jurisprudence of parties being allowed to substitute experts where an expert becomes unavailable. *See, e.g., Payless Shoesource Worldwide, Inc. v. Target Corp.*, No. 05-4023-JAR, 2007 U.S. Dist. LEXIS 87762, *11-12 (D. Kan. Nov. 28, 2007) (allowing substitution of plaintiff's expert witness; witness signed an affidavit stating that an employment relationship that he had entered into created irreconcilable issues preventing him from acting as an expert); *Sithon Maritime Co. v. Mansion*, No. 96:2262-EEO, 1998 U.S. Dist. LEXIS 11822, *3 (D. Kan. July 30, 1998) (where original expert averred that he could no longer participate as an expert in the case due to the court's scheduling requirements, the court allowed a substitution).

Cordially,

Lee J. Rohn, Esq.

LJR/mtc

cc: All Counsel of Record