```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. CROIX

JOSEPHAT HENRY, et al.          :       CIVIL ACTION
                                :
         v.                     :
                                :
ST. CROIX ALUMINA, LLC, et al.  :       NO. 1999-0036
```

MEMORANDUM

Bartle, J.                                          July 14, 2011

      This action, which has a long and involved history, now has remaining the claims of seventeen plaintiffs for property damage that occurred during the onslaught of Hurricane Georges which struck St. Croix in the fall of 1998. The case is scheduled for trial in October 2011. Before the court is plaintiffs' request for permission to replace their real estate appraiser Dennis Arlen Wheeler with a new trial expert witness.

      On April 26, 2011, plaintiffs filed a motion "for additional discovery and to update appraisals and supplement expert reports" (Doc. No. 1378). In that motion, plaintiffs contended that Dennis Arlen Wheeler, an individual they had formerly retained to perform real estate appraisals on the damaged properties at issue, appeared to have left the territory and was ill. Plaintiffs stated that they would need to replace Wheeler and sought leave to update their real estate appraisals with a new expert witness. On May 27, 2011, the court denied this motion. It explained that plaintiffs had voluntarily

withdrawn the expert report of Dr. John Kilpatrick, their identified valuation expert, and no good reason to re-open discovery existed at this late date.

Thereafter, the court held a telephonic status conference during which plaintiffs again raised the issue of replacing Wheeler due to his unavailability. Defendants contested any need for a substitute for Wheeler because plaintiffs had never identified him as a testifying expert. The court took the matter under advisement and, in our June 9, 2011 Scheduling Order, instructed plaintiffs to "provide to the court on or before June 17, 2011 a letter setting forth what documents on the docket relate to the issue of Dr. Arlen Wheeler's testimony." Defendants, likewise, were instructed to "provide to the court on or before June 21, 2011 a letter in response to plaintiffs' letter regarding Dr. Wheeler." The court has since received both these letters and must now decide whether to grant plaintiffs' request to substitute a new expert for the testimony of Dennis Arlen Wheeler.

The seventeen plaintiffs filed the instant lawsuit as a putative class action in February, 1999. The Third Amended Complaint (the "Complaint") alleges that as a result of Hurricane Georges, plaintiffs, who were then residents of St. Croix, suffered personal injuries and property damage due to exposure to hazardous materials stored on St. Croix by defendants St. Croix Alumina, LLC ("SCA") and Alcoa, Inc. ("Alcoa"), and transported there by defendant Glencore Ltd. ("Glencore"). Their pending

claims against defendants include maintenance of an abnormally dangerous condition, nuisance per se, public and private nuisance, negligent abatement, and negligence.

This court initially certified a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure. Henry v. St. Croix Alumina, LLC, Civ. A. No. 99-36, 2000 U.S. Dist. LEXIS 13102 (D.V.I. Aug. 7, 2000). Substantial discovery took place during the following years. However, in 2008, the court decertified that class and certified a new class seeking only injunctive relief related to an ongoing public nuisance under Rule 23(b)(2). Id., 2008 U.S. Dist. LEXIS 43755 (D.V.I. June 3, 2008). We later granted defendants' motion for summary judgment on that claim for injunctive relief on September 25, 2009. Id., 2009 U.S. Dist. LEXIS 80830 (D.V.I. Sept. 25, 2009).[1]

We also granted partial summary judgment in favor of the defendants on plaintiffs' non-class claims seeking compensatory and punitive damages for their personal injuries, as well as for all claims for negligent and intentional emotional distress and for punitive damages. Id., 2009 U.S. Dist. LEXIS 80830 (D.V.I. Aug. 28, 2009). We denied their motion with regard to plaintiffs' non-class property damages claims. Id.

In the wake of these adverse rulings, plaintiffs sought to take an interlocutory appeal to the Court of Appeals for the

---

[1] On September 14, 2009, we separately entered judgment in favor of defendant Glencore Ltd. on plaintiffs' class claim for injunctive relief based on the prior judgment in favor of Glencore on all nuisance claims (Doc. No. 1346).

Third Circuit (Doc. Nos. 1361, 1362, 1363, 1364, and 1365).  They contested this court's grant of summary judgment in favor of defendants on plaintiffs' claims for personal injury and injunctive relief, as well as several discovery-related orders. We placed the case in civil suspense pending those rulings (Doc. No. 1368).  On March 4, 2011, the Court of Appeals dismissed these appeals for lack of jurisdiction.  <u>See</u> <u>Henry v. St. Croix Alumina, LLC</u>, Civ. A. Nos. 9-4112 and 9-4494, 2011 U.S. App. LEXIS 4361 (3d Cir. Mar. 4, 2011).  At long last, the case is ready to proceed to trial on the remaining claims by individual plaintiffs for their property damage.

      Plaintiffs have identified for the court six documents docketed on the court record that pertain to their request to substitute a new expert witness for Dennis Arlen Wheeler, whom plaintiffs are currently unable to locate.  They have identified six real estate appraisals made by Wheeler (Doc. Nos. 1388-3, 1388-4, 1388-5, and 1388-6).  They have also brought to the court's attention the court's June 20, 2004 order, granting limited discovery to defendants regarding Wheeler's participation in the drafting of Dr. John Kilpatrick's expert report (Doc. No. 635).  Finally, plaintiffs highlight the deposition of Wheeler himself dated August 30, 2004 (Doc. No. 1384-03, Exhibit C).

      Defendants have identified for the court a number of additional documents on the record that support the contention that Wheeler was never identified as a testifying expert.  They have called to our attention briefs and supporting documents

related to plaintiffs' June 18, 2004 motion for a protective order regarding defendants' notices to depose Wheeler and memorandum in support (Doc. No. 612, 615, 620, 623, and 625). In each of these documents, including those submitted by plaintiffs themselves, Wheeler is referred to as "non-testifying consulting expert."

None of these documents supports plaintiffs' contention that Wheeler was at any time identified as a testifying expert or would have been permitted to testify at trial as either a fact or expert witness. The record is clear that plaintiffs identified Dr. Kilpatrick as their testifying expert, not Wheeler. While Wheeler's appraisals were incorporated into Kilpatrick's expert report and Wheeler was identified as a consulting expert, Kilpatrick was the only testifying expert identified. Plaintiffs voluntarily withdrew Kilpatrick in the face of a <u>Daubert</u> challenge to the admissibility of his opinions back on January 26, 2009.

As noted in our May 27, 2011 Memorandum, it has been over 11 years since plaintiffs filed this action. Plaintiffs never identified Wheeler as a testifying expert, and thus his unavailability for trial is irrelevant. They cannot rightly substitute a new real property expert in place of an individual never previously identified as such an expert. Discovery has long-since closed and re-opening discovery would cause undue delay. Accordingly, plaintiffs' request to replace Wheeler with a new testifying expert will be denied.