```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. CROIX

JOSEPHAT HENRY, et al.           :      CIVIL ACTION
                                 :
          v.                     :
                                 :
ST. CROIX ALUMINA, LLC, et al.   :      NO. 99-0036
```

MEMORANDUM

Bartle, J.                                                                               September 1, 2011

        This action, which has a long and involved history, now has remaining the claims of seventeen individual plaintiffs for property damage allegedly caused by a substance known as red mud which inundated their homes during the onslaught of Hurricane Georges which struck St. Croix in the fall of 1998. They have brought this action against defendants St. Croix Alumina, LLC, Alcoa, Inc., and Glencore, Ltd., all former owners of the alumina refinery where the red mud had been stored. The case is scheduled for trial in October 2011.

        Recently in this case, during a telephonic pretrial conference with the court and counsel, plaintiffs' counsel, Lee J. Rohn, raised the issue of replacing their "expert" D. Arlen Wheeler due to his unavailability. Wheeler had been retained by plaintiffs to conduct individualized appraisals of plaintiffs' real properties regarding their decreased value due to Hurricane Georges.

Defendants contested any need for a substitute for Wheeler because plaintiffs had never identified him as a testifying expert.  The court took the matter under advisement and, in our June 9, 2011 Scheduling Order, instructed plaintiffs to "provide to the court on or before June 17, 2011 a letter setting forth what documents on the docket relate to the issue of Dr. Arlen Wheeler's testimony."  Defendants, likewise, were instructed to "provide to the court on or before June 21, 2011 a letter in response to plaintiffs' letter regarding Dr. Wheeler."

On June 17, 2011, Ms. Rohn submitted her letter to the court.  In her letter, she first summarized Wheeler's prior involvement in the case and the procedural history surrounding his "expert opinion."  She explained:

> Plaintiffs in the *Josephat Henry* case request permission to, for purposes of trial, replace real estate appraiser Dennis Arlen Wheeler, who had conducted individual appraisals regarding the decreased value and damage to the real property of some of the Class Representatives.  The appraisals had been conducted years ago by Mr. Wheeler and <u>his company, Caribbean Engineering Associates</u>.
> ... In 2004, the parties disputed whether <u>Caribbean Engineering</u>, which was owned by Mr. Wheeler, could be deposed based on the fact that the damages at that time were calculated as class damages.  (emphasis added)

After outlining some of the procedural history of the case, Ms. Rohn then wrote:

> This litigation has been pending for over 13 years.  Undersigned counsel believes Mr. Wheeler is 73, he no longer lives in the Virgin Islands, and upon information has moved to Dallas, Texas, in a house where the phone is registered to Carole Doyle who may

-2-

>          be a relative to Wheeler.  Despite multiple
>          calls, no one has ever answered the phone.
>          When he was last in St. Croix his health had
>          deteriorated.

Alcoa, Inc. and St. Croix Alumina, LLC responded on June 21, 2011.  Glencore, Ltd. joined in their response.

On July 14, 2011, after consideration of these letters, the court issued a Memorandum and Order denying plaintiffs' request to substitute a new expert for the testimony of Dennis Arlen Wheeler.  The court ruled that Wheeler had never previously been identified as a testifying expert.

Shortly thereafter, a court employee who had read the court's Memorandum and Order brought to the court's attention the fact that Wheeler still resided in her neighborhood in St. Croix and that she had seen him walking in that neighborhood as recently as that morning.  She further stated that Wheeler's business, Caribbean Engineering Associates, remained in the same location in St. Croix.  The court employee included in her submission a photograph of the sign for Caribbean Engineering Associates prominently displaying its telephone number.

Concerned about the possibility of serious misrepresentation, the court issued an order on July 20, 2011 (Doc. No. 1400), compelling Ms. Rohn to show cause why she should not be sanctioned for her "allegedly inaccurate statements in her June 17, 2011 letter to the Court concerning D. Arlen Wheeler." The order also required Ms. Rohn to "file and serve a memorandum, on or before August 5, 2011, in response to this Order to Show

Cause. All factual statements contained in the memorandum shall be made under oath." Finally, the order permitted opposing counsel to file and serve any reply brief on or before August 19, 2011.[1] The e-mail of the court employee was attached to the court's Order.

Significantly, Ms. Rohn, in her response and affidavit, does not deny that Wheeler lives and walks around his neighborhood in St. Croix or that Caribbean Engineering Associates is still in business, as set forth by the court employee. Rather, she contends that she had a good faith and informed basis for believing that Wheeler was unavailable to testify "due to unresolved questions about factors such as his age, health, and his place of residence." In her affidavit, she declared that:

> 3. During the course of this case after I had hired Wheeler to act as an expert in early 2003, I heard talk in our small, island community that Mr. Arlen Wheeler was in poor health and that he may have relocated to the states for medical treatment.
> 4. I do not presently recollect [sic] whom I heard these rumors, but I know I also tried to hire Mr. Wheeler as an expert in a matter after that and was told by his office he was "off island" while I had been accustomed of [sic] seeing Mr. Wheeler around the island before that, I do not have any recollection of seeing him on island since that time.

She also declared:

---

1. The court later granted the August 24, 2011 motion of defendants St. Croix Alumina, LLC and Alcoa, Inc. to file their reply brief out of time (Doc. Nos. 1406 and 1409).

> 5. My office placed multiple calls to Mr. Wheeler's last known telephone number in the directory, but with no success. I did not recall that Mr. Wheeler worked with Caribbean Engineering.

Finally, Ms. Rohn states she contacted prior co-counsel Baron & Budd, P.C., which is located in Texas and was still providing contract work services to Ms. Rohn, to learn if the firm could locate Wheeler. On June 15, 2011, a legal secretary at Baron & Budd performed an internet-based search listing Wheeler's "probable address" to be in Dallas, Texas with Carole Doyle as the potential owner of the property. Ms. Rohn conducted no further inquiries into Wheeler's whereabouts and two days later submitted her June 17, 2011 letter, advising the court that Wheeler was unavailable to testify at a trial.

Rule 11(b) of the Federal Rules of Civil Procedure provides:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> ...
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery ...

Fed. R. Civ. P. 11(b)(2)-(3).  Rule 11(c) further empowers the court to impose sanctions on any attorney, law firm, or party who has violated Rule 11(b).  <u>See</u> Fed. R. Civ. P. 11(c).  A party violates Rule 11 "by making false, misleading, improper, or frivolous representations to the court."  <u>In re Taylor</u>, No. 10-2154, slip op. at 15 (3d Cir. Aug. 24, 2011) (quoting <u>Williamson v. Recovery Ltd. P'ship</u>, 542 F.3d 43, 51 (2d Cir. 2008)).  Our Court of Appeals has held that "in determining whether a party has violated this rule, the court need not find that a party who makes a false representation to the court acted in bad faith.  The imposition of Rule 11 sanctions ... requires only a showing of objectively unreasonable conduct."  <u>In re Taylor</u>, slip op. at 15 (internal quotations omitted).

As noted above, in her response and affidavit filed pursuant to the court's order to show cause, Ms. Rohn does not contest the veracity of the facts alleged by the court employee, namely that Wheeler presently resides in St. Croix, that he had been seen walking in his neighborhood, and that his business, Caribbean Engineering Associates, is still operating.  Instead, Ms. Rohn attempts to explain away her contrary statements about Wheeler in her June 17, 2011 letter by stating they were her "personal beliefs."  We accept Ms. Rohn's representation that she did not have actual knowledge of Wheeler's presence on St. Croix and believed that he had relocated to Texas.  However, that is not sufficient to avoid sanction under Rule 11.  <u>See</u> <u>id.</u> at slip op. 16.

Rule 11 imposes upon attorneys a duty to make a reasonable inquiry into the facts and law presented. Reasonableness has been defined as "an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 289 (3d Cir. 1991) (internal quotations omitted).  Our Court of Appeals has considered the following factors when assessing an attorney's reasonableness in inquiry:  the amount of time available for conducting the investigation, the necessity of reliance on the client for the underlying factual information, the plausibility of the legal position advocated, whether the case was referred to the signer by another member of the Bar, and the complexity of the legal and factual issues implicated. See Taylor, slip op. at 17-18.  The court need not consider these factors mechanically, but as a whole under all the material circumstances.  See id.

Although the statements in Ms. Rohn's letter may have been to the "best of [her] knowledge, information, and belief," they were not "formed after an inquiry reasonable under the circumstances" as Rule 11 requires and were, in fact, false and misleading.  Fed. R. Civ. P. 11.  Despite having utilized Wheeler's services for years, Ms. Rohn's affidavit shows, at best, a last-minute cursory attempt to locate him prior to representing to the court his unavailability for trial because he was no longer in St. Croix and suffered from deteriorated health.  Had Ms. Rohn made a reasonable inquiry by calling his business,

Caribbean Engineering Associates, she would undoubtedly have found Wheeler or learned of his whereabouts.  Further, the court finds incredible Ms. Rohn's statement in her July 27, 2011 affidavit that she "did not recall Wheeler worked with Caribbean Engineering" as her June 17, 2011 letter stated that "[t]he appraisals had been conducted years ago by Mr. Wheeler and his company, Caribbean Engineering Associates."

According to her letter of June 17, 2011, the only effort to find Wheeler was the making of phone calls, which were unanswered, to a number registered to a Carole Doyle in Dallas, Texas by a Texas law firm.  She made no mention of any effort to find Wheeler on St. Croix or to learn about his current state of health.  Ms. Rohn stated in her subsequent affidavit that St. Croix is a "small, island community."  Indeed it is.  This fact leads us to the conclusion that any reasonable inquiry about Wheeler's presence on St. Croix would undoubtedly have resulted in locating him.  Any reasonable attorney would have called Wheeler's company, Caribbean Engineering Associates, or made other inquiries in St. Croix prior to representing to the court that she was unable to locate him.  Ms. Rohn's reliance on "rumors" and a superficial effort by a Texas law firm, as set forth in her affidavit, is clearly not reasonable.

We find that Lee J. Rohn has violated Rule 11 of the Federal Rules of Civil Procedure.  She provided the court with false and misleading representations in her letter of June 17,

2011 about Wheeler's whereabouts and health without making an objectively reasonable inquiry as to their accuracy.[2]

Rule 208 of the Supreme Court of the Virgin Islands, entitled "Mandatory Continuing Legal Education," provides that "Every active member of the United States Virgin Islands Bar shall complete and certify attendance at a minimum of twelve (12) hours per year of approved Continuing Legal Education ("CLE") courses of which at least two (2) hours shall be in the area of legal ethics or professionalism.  Each member shall complete the required CLE courses during the period of January 1 through December 31 of the same year."  As a sanction for her violation of Rule 11, we order Ms. Rohn to attend three hours of Continuing Legal Education in legal ethics or professionalism in addition to the two hours mandated by the Supreme Court of the Virgin Islands.  She shall complete these three additional hours of Continuing Legal Education and file and serve, on or before January 5, 2012, an affidavit attesting to her compliance, that is, that she has completed a total of 5 hours of Continuing Legal Education in legal ethics or professionalism in the calendar year 2011.  Her affidavit shall also include the dates when all five

---

2. In her response to the court, Ms. Rohn requests a hearing on this matter so that the court employee who notified the court of Ms. Rohn's alleged misrepresentations to the court "can explain the factual basis for her accusation that Attorney Rohn knew Mr. Wheeler was on St. Croix but stated otherwise ...."  We have accepted Ms. Rohn's statement that she did not have actual knowledge that Wheeler was present on St. Croix.  Instead, our decision is predicated on her lack of an "objectively reasonable" inquiry into Wheeler's whereabouts and health.  Thus, no hearing is necessary.

hours were completed and the address of the place where they were completed.