IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

JOSEPHAT HENRY, et al.          :          CIVIL ACTION
                                :
          v.                    :
                                :
ST. CROIX ALUMINA, LLC, et al.  :          NO. 99-0036


MEMORANDUM

Bartle, J.                                September 29, 2011

          Lee J. Rohn, Esquire has filed a motion for
reconsideration of this court's September 1, 2011 Order requiring
her to take three additional hours of Continuing Legal Education
in legal ethics or professionalism as a sanction under Rule 11 of
the Federal Rules of Civil Procedure for misrepresenting to the
court the unavailability of a purported expert witness without
making a reasonable inquiry.

          A motion for reconsideration may be granted only if the
moving party shows: "(1) an intervening change in controlling
law; (2) the availability of new evidence; and (3) the need to
correct clear error of law or prevent manifest injustice."
Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).  Ms. Rohn
apparently relies on the second and third grounds.

          Ms. Rohn complains that she was unaware of the precise
rule under which she could be sanctioned and the type and degree
of sanction she could potentially face.  She also maintains that
the court erred in failing to hold an evidentiary hearing.

This action involves claims for property damage allegedly caused during Hurricane Georges in 1998 by the negligence and other tortious conduct of defendants.  On June 17, 2011, Ms. Rohn, on behalf of the plaintiffs, wrote a letter to the court seeking to replace her purported expert, D. Arlen Wheeler, a real estate appraiser, on the ground of unavailability.  In that letter, Ms. Rohn advised the court:

> The Oral Deposition of Caribbean Engineering through D. Arlen Wheeler was taken on August 30, 2004.  In his deposition, Mr. Wheeler testified he was founder and president of Caribbean Engineering Associates.  That the corporation was primarily engaged in the business of real estate appraisals, consulting engineering, and construction cost estimations [sic]....
>
> This litigation has been pending for over 13 years.  Undersigned counsel believes Mr. Wheeler is 73, he no longer lives in the Virgin Islands, and upon information has moved to Dallas, Texas, in a house where the phone is registered to Carole Doyle who may be a relative to Wheeler.  Despite multiple calls, no one has ever answered the phone. When he was last in St. Croix his health had deteriorated.
>
> Accordingly, Plaintiffs respectfully request that Mr. Wheeler be replaced on the grounds of unavailability ....

Since plaintiffs had not actually named Wheeler as an expert, the court denied the request in a Memorandum and Order dated July 14, 2011.  Henry v. St. Croix Alumina, No. 99-36, 2011 WL 2838110 (D.V.I. July 14, 2011).

On that same day, but after the court's July 14, 2011 Order and accompanying Memorandum had been handed down, the court

-2-

received an e-mail from a court employee in St. Croix that the statements of Ms. Rohn in her June 17, 2011 letter about the unavailability and deteriorated health of Arlen Wheeler were not accurate.  The court employee set forth that Wheeler lived in the employee's neighborhood.  She also stated that she had seen him walking in the area and noted that his business, Caribbean Engineering, was still in operation in St. Croix.  She included a picture which she had taken showing the name of the business and its phone number.

As a result, on July 20, 2011, this court issued an order directed to Ms. Rohn to show cause why sanctions should not be imposed "for the allegedly inaccurate statements in her June 17, 2011 letter to the Court concerning D. Arlen Wheeler ...."  The court attached to the Order as Exhibits A, B, and C the e-mail of the court employee, the photograph of Caribbean Engineering, and Ms. Rohn's June 17, 2011 letter.

The court directed Ms. Rohn to "file and serve a memorandum, on or before August 5, 2011, in response to this Order to Show Cause.  All factual statements contained in the memorandum shall be made under oath."  Ms. Rohn filed her response on August 1, 2011, five days before the deadline, and included her affidavit and the affidavits of Amelia B. Wilson and Kim R. James who were non-lawyer employees of Baron & Budd, a Texas law firm that was associated as counsel with Ms. Rohn in this action.

-3-

On September 1, 2011, after review of her response and
the submission of defendants, the court filed a Memorandum and
Order imposing on Ms. Rohn the sanction of three additional hours
of Continuing Legal Education in legal ethics or professionalism.
We determined she had not made a reasonable inquiry as required
under Rule 11 of the Federal Rules of Civil Procedure about
Wheeler's whereabouts and physical condition before making her
misrepresentations to the court that he was unavailable and in
poor health.[1]  In coming to this decision, we accepted her
factual statements about her investigation as true and noted that
Ms. Rohn had not denied or contested the facts set forth by the
court employee that Wheeler was continuing to live on St. Croix
and operate his business, Caribbean Engineering.

Ms. Rohn's August 1, 2011 response to the rule to show
cause confirms that she received the particularized notice of her

---

1.  Rule 11(b) states:

> **Representations to the Court.**  By presenting
> to the court a pleading, written motion, <u>or
> other paper</u>--whether by signing, filing,
> submitting, or later advocating it--an
> attorney or unrepresented party <u>certifies
> that to the best of the person's knowledge,
> information, and belief, formed after an
> inquiry reasonable under the circumstances</u>:
>
> ...
>
> (3) <u>the factual contentions have evidentiary
>     support</u> or, if specifically so
>     identified, will likely have evidentiary
>     support after a reasonable opportunity
>     for further investigation or discovery;
>     .... (emphasis added)

alleged misconduct that the law requires.  <u>Fellheimer, Eichen &</u>
<u>Braverman, P.C. v. Charter Tech., Inc.</u>, 57 F.3d 1215, 1225 (3d
Cir. 1995). The opening paragraph of her August 1, 2011 response
to the order to show cause states:

> **COME NOW** Lee J. Rohn in Response to this
> Court's July 20, 2011 Order to show cause why
> Plaintiff's Counsel, Attorney Lee J. Rohn
> should not be sanctioned for her alleged
> misrepresentations in paragraph 4 of her
> June 17, 2011 letter to the Court in which
> Attorney Rohn stated that upon information,
> she believed that D. Arlen Wheeler was aging,
> in poor health, that he resides in Dallas,
> Texas, in a home where the phone number is
> registered to Carole Doyle who may be a
> relative of Mr. Wheeler, and that Attorney
> Rohn's office had tried to contact Mr.
> Wheeler multiple times by telephone but to no
> avail.

In sum, the court advised Ms. Rohn of the specific
misconduct giving rise to its rule to show cause, and she fully
understood the issue confronting her.  <u>Fellheimer</u>, 57 F.3d at
1225-27.  While the court admittedly did not specifically mention
Rule 11, it followed the procedure set forth in Rule 11(c)(3) in
issuing a rule to show cause.  Under the circumstances present
here, it would be clear to any attorney, particularly one as
experienced as Ms. Rohn, that Rule 11 was the operative rule
since it specifically governs misrepresentations to the court and
the imposition of sanctions for doing so.  In her response to the
rule to show cause, she recited what she and those under her
direction did to investigate Wheeler's status and location.  She
sought in effect to establish that she had made a reasonable

inquiry as required under Rule 11 before sending the court her June 17, 2011 letter.

Even if the court erred in failing to make specific reference to Rule 11 in its rule to show cause, Ms. Rohn has not shown prejudice.  Significantly, in her August 1, 2011 response, she does not raise any concern about her ability to defend against sanctions because the court did not cite a legal rule. Of course, she did have specific notice of Rule 11 when the court filed its Memorandum and Order on September 1, 2011.  See Fellheimer, 57 F.3d at 1225-27; Saldana v. KMart Corp., 260 F.3d 228 (3d Cir. 2001).  At page 2 of her September 14, 2011 motion for reconsideration she references the "reasonable inquiry" language of Rule 11 when she states, "Under the circumstances ... [she] made a reasonable inquiry into the whereabouts of Arlen Wheeler."  In support of that assertion that she has not violated Rule 11, she sets forth the same facts, with one exception, as she did in her August 1, 2011 memorandum which was filed at a time when she now claims she had no notice of Rule 11.

She relies for the first time in her motion for reconsideration on a statement by an unidentified lawyer as additional supporting evidence.  According to what she writes at page 3 of her motion, this unidentified lawyer told her that "Mr. Wheeler had been suffering from and was being treated for lung cancer in the states and during the relevant time period he rarely saw Mr. Wheeler anymore on St. Croix."

-6-

Unfortunately for Ms. Rohn, this statement does not advance her cause. First, she omits the thrust of what the lawyer actually said. In his September 3, 2011 e-mail to Ms. Rohn, which she attaches, he confirmed much of what the court employee had stated in her July 14, 2011 e-mail:

> I have a boat at Green Cay Marina. So does Arlen Wheeler. I only see him occasionally. He was gone for a while, and I think - although this is not first-hand - I think that he was in fact in Texas for treatment. <u>I am told that he is recovering from lung cancer. He came back, I guess a few months ago, and he seems like he is doing well</u>. You should call him and ask him for first-hand details .... (emphasis added)

Second, the statement of the unidentified lawyer is inadmissible hearsay and cannot be accepted as evidence in support of her motion for reconsideration. In any event, even if the court reconsiders its decision of September 1, 2011 now that Ms. Rohn indisputedly has notice of Rule 11 and the court accepts all of the evidence Ms. Rohn now proffers as true, it stands by its findings and conclusions that Ms. Rohn violated Rule 11.[2]

Ms. Rohn maintains that the court infringed her due process rights by not holding a hearing on the rule to show cause. In the court's view, no hearing was or is necessary. The court gave her ample opportunity to be heard through her

---

2.  On page 4 of her motion for reconsideration, Ms. Rohn argues that the court failed to comply with Local Rule 83.2(b)(5)(A), which specifies a procedure for attorney discipline. Ms. Rohn failed to mention Local Rule 83.2(b)(5)(A) in her response of August 1, 2011. Moreover, as noted above, in issuing the show cause order, the court complied with Rule 11(c)(3) of the Federal Rules of Civil Procedure.

August 1, 2011 memorandum and supporting exhibits in which she
fully set forth what she and those under her direction had done
to find Wheeler before she sent to the court her June 17, 2011
letter.   The court accepted as true all her factual assertions
as to what inquiry she made.  Further, the time provided Ms. Rohn
to prepare her response was clearly sufficient since it was filed
four days before the August 5, 2011 deadline imposed by the
court.

Ms. Rohn does not say what additional evidence she
would have presented at a hearing other than the statement of the
unidentified lawyer which is not helpful to her and which in any
event is inadmissible hearsay.  Initially, she wanted to
challenge the comment by the court employee in her July 14, 2011
e-mail that Ms. Rohn was "lying."  Nonetheless, the need for a
hearing as to this specific assertion was obviated since the
court rejected it.  We accepted Ms. Rohn's position that she did
not actually know that Wheeler was on St. Croix, although we
reiterate that Ms. Rohn has never denied or contested that
Wheeler was present on the island at the relevant time and that
his business continued to operate there.

The court afforded Ms. Rohn due process by giving her
particularized notice and by allowing her to be heard through her
written submissions.  In re Prudential Ins. Co. Am. Sales
Practice Litig., 278 F.3d 175, 191 (3d Cir. 2002); Martin v.
Brown, 63 F.3d 1253, 1262-63 (3d Cir. 1995).  Ms. Rohn has not
shown that she was prejudiced in mounting her defense by the

-8-

court's alleged failure to have held a hearing or to have identified Rule 11 by name in its detailed rule to show cause.

Finally, Ms. Rohn argues that the court did not advise her of the nature of the sanctions she potentially faced. She also characterizes the sanction imposed as "highly punitive." Rule 11(c)(4) plainly provides for a variety of sanctions, "including non-monetary directives." Ms. Rohn, as an experienced practicing attorney, was surely on notice of Rule 11(c)(4) by virtue of the court's Order of July 20, 2011. In any event, she was on notice as of the time of the court's September 1, 2011 Memorandum and Order and has now moved for reconsideration. Even considering her latest filing, we still view the three additional hours of Continuing Legal Education in legal ethics or professionalism as a reasonable and appropriate sanction under the circumstances for her misrepresentations. Contrary to her view, this sanction is not "highly punitive." Nor, for example, does it interfere with her ability to practice law. See Prudential Sales, 278 F.3d at 192-93. Rather, the sanction imposed was "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Indeed, what the court ordered was what all the attorneys in the Virgin Islands are required to do, only in her case in a more concentrated dose. See Rule 208 of the Supreme Court of the Virgin Islands.

Ms. Rohn has not established the availability of new evidence or the need to correct an error of law or prevent

-9-

manifest injustice.  <u>Lazaridis</u>, 591 F.3d at 669.  Accordingly, her motion for reconsideration of this court's September 1, 2011 Order will be denied.